**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

YULIYA GLAZMAN,

*Plaintiff,*

v. Case No. 8:26-cv-02265-TPB-SPF

CITIGROUP, INC., and
CITIBANK, N.A.,

AUG 18 2026 AM11:45
FILED - USDC - FLMD - TPA

*Defendants.*

**PLAINTIFF'S MOTION FOR LEAVE TO FILE ELECTRONICALLY THROUGH CM/ECF**

1. Plaintiff Yuliya Glazman moves for authorization to file electronically through CM/ECF in this action. The motion does not rest on postage, printing, travel, convenience, or ordinary mailing delay. It rests on a documented failure in the paper-intake process that occurred after a filing package reached the courthouse, that affected filings in two related actions, and that produced measurable work inside the Clerk's Office. Direct electronic filing removes the process that generated both the failure and the work.

## I. RELIEF REQUESTED

2. Plaintiff requests an order (a) finding good cause on the circumstances set out below; (b) authorizing Plaintiff to register for and file through CM/ECF in this action; and (c) directing Plaintiff to comply with the CM/ECF Administrative Procedures applicable to authorized pro se filers.

## II. GOVERNING STANDARD

3. Three propositions frame the request. First, the default rule and its exception. A person not represented by counsel may file electronically when authorized by court order or local rule. Fed. R. Civ. P. 5(d)(3)(B)(i). Under this District's Administrative Procedures for Electronic Filing, absent a court order, a pro se litigant may not file through CM/ECF. The District generally requires good cause or extenuating circumstances. *McMahon v. Cleveland Clinic Foundation Police Department*, 455 F. App'x 874, 878 (11th Cir. 2011) (affirming where there was "no good cause under the circumstances of the case"); *Gerow v. Blackwell*, No. 8:24-cv-02280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024).

4. Second, the reason for the default. The default restriction protects institutional interests. In *Pouyeh v. Public Health Trust of Jackson Health System*, No. 24-10988, 2025 WL 2319399 (11th Cir. Aug. 12, 2025), the Eleventh Circuit rejected an equal-protection and access-to-courts challenge to a Southern District of Florida restriction on pro se electronic filing. The court held that administrative

and fairness concerns rationally support distinguishing represented from unrepresented filers. It drew on the 2018 Advisory Committee Note to Rule 5, which recognizes that some pro se litigants may find electronic filing overwhelming and that failed attempts to use the system can impose burdens on other parties and on the court. The same decision recognized the other side of that point: some pro se litigants are better equipped than others to file electronically, and Rule 5 accommodates that difference through individualized authorization by local rule or court order. *Pouyeh* identifies the policy behind the default and the function of the exception. It does not hold that institutional burden by itself establishes good cause.

5. Third, the insufficiency of predicted benefits. A prediction of efficiency does not meet the standard. In *Dahl v. Florida Department of Highway Safety & Motor Vehicles*, No. 21-14499 (11th Cir. Nov. 18, 2022), the litigant argued that CM/ECF would conserve court resources and avoid the delay created when the Clerk scanned his paper filings. The Eleventh Circuit affirmed the denial because that argument reduced to ease of access. In *Clifft v. School District of Lee County*, No. 2:25-cv-345-JES-DNF, 2025 WL 3012038, at *2 (M.D. Fla. Oct. 28, 2025), *reconsideration denied*, 2025 WL 3080533 (M.D. Fla. Nov. 4, 2025), the court rejected

asserted unpredictable delays and mail-delivery risks as good cause where the litigants remained able to prosecute the action through conventional filing.

6. *Dahl* and *Clifft* involved predicted or generalized burdens. This record documents an actual post-delivery failure.

## III. FILING HISTORY

7. The sequence is short. On August 7, 2026, Plaintiff sent one UPS Next Day Air package to the Clerk of Court, Tampa Division. The package contained seven enclosed submissions for two related actions: this action and Case No. 8:26-cv-01522-TPB-AEP (the "First Action"). UPS delivered the package on August 10, 2026, at approximately 10:31 a.m. Delivery was confirmed and traceable.

8. The package did not enter the dockets as a unit. The seven enclosed submissions ultimately generated eight docket entries, because the proof-of-service material in this action was docketed separately for the two Defendants. First Action Docs. 55, 56, 57, and 58 appeared on August 10. First Action Doc. 59 appeared on August 13. Docs. 7, 8, and 9 in this action appeared on August 13. Four of the eight resulting docket entries appeared on the receipt date. Four appeared three days later.

9. The omissions did not resolve on their own. Plaintiff identified each missing submission. Plaintiff placed seven telephone calls to the Clerk's Office

over several days to locate the submissions and secure their entry. Resolution required the involvement of a supervisor. Every submission in the package had reached the courthouse before the first call.

## IV. ARGUMENT

### A. The circumstances differ from the burdens common to pro se litigants.

10. The problem is not paper. The problem is a variable that operates after submission and outside Plaintiff's view. Plaintiff knew that paper filing required a carrier. Plaintiff did not know that two otherwise permissible carriers could produce different levels of traceability inside the Clerk's intake process. Plaintiff selected UPS because it was geographically convenient on the mailing date, not because she knew it carried any tracing advantage. During the first call after delivery, Clerk personnel explained that UPS made this parcel easier to locate than a USPS Priority or Express Mail parcel might have been. Plaintiff benefited from that variable by accident, not by informed choice. Even with that favorable accident, the post-delivery process failed.

11. A burden a litigant cannot see is a burden a litigant cannot manage. The point is factual, not rhetorical. Postage, printing, transit time, and generalized mail-delivery risks are visible burdens common to every litigant who files on

paper, and *Gerow* and *Clifft* reject treating those common burdens as good cause. This record is different. The parcel arrived. It was located. It was partially processed. Multiple enclosed submissions nevertheless remained off two dockets. The carrier issue concerns an undisclosed post-delivery tracing variable, not ordinary carrier delay. Even the comparatively favorable carrier did not prevent the demonstrated intake failure.

**B. The August episode is an actual post-delivery failure, not a projected inconvenience.**

12. The record shows a failure that occurred, not one that might occur. One delivered package fragmented during intake. Multiple submissions remained off the docket. Two related actions were affected. Four of the eight resulting docket entries appeared three days after receipt. Plaintiff discovered the omissions by monitoring the dockets. Seven calls were required to complete the record. Earlier mailing would not have prevented any of it, because the failure arose after courthouse delivery.

13. *Dahl* and *Clifft* do not describe this record. Those cases concerned prospective efficiency arguments and generalized mail-risk arguments. Here, the parcel had already arrived. Multiple papers already in courthouse possession failed to reach the dockets. Repeated searches, repeated calls, and supervisory

intervention actually occurred. The distinction is between an anticipated inconvenience and a demonstrated post-delivery failure.

**C. The administrative rationale behind the default rule supports individualized authorization on this record.**

14. *Pouyeh* treats administrative burden as a legitimate reason for the default restriction. That reasoning is prospective. It assumes that an inexperienced electronic filer may create work for the Clerk, for other parties, or for the court. This record supplies evidence on the opposite side of that same equation. Conventional filing in these actions required seven telephone contacts, repeated searches for papers already delivered, the involvement of multiple Clerk employees, supervisory intervention, and the delayed entry of multiple filings across two actions. Those are administrative costs already incurred. They are not savings Plaintiff predicts electronic filing might produce. Direct CM/ECF filing would bypass the physical-intake process that generated that work.

15. The concern *Pouyeh* recognized — that a pro se litigant may be unable to navigate electronic filing — is reduced here by the existing record. The record does not require the Court to speculate whether Plaintiff can prepare electronically fileable documents. The documents now on the docket were prepared by Plaintiff in electronic form before conversion to paper for submission

to the Clerk. Plaintiff maintains PACER access and monitors these dockets electronically. *Pouyeh* recognizes that some pro se litigants are better equipped than others, and that individualized authorization exists to account for that difference.

16. Plaintiff does not contend that Rule 5 creates an entitlement to electronic filing or that conventional filing is categorically inadequate. The request is narrower. The individualized authorization that Rule 5 contemplates is warranted because conventional filing has produced documented administrative and docketing failures in these particular actions.

**D. The missing motion exposed a second form of post-delivery opacity.**

17. The missing First Action submission was Plaintiff's motion under Rule 60(a), eventually docketed as First Action Doc. 59. That motion sought correction of three clerical errors in the August 5, 2026 Order and expressly sought no change to the Court's reasoning or disposition. First Action Doc. 59 at 1–3. The motion accompanied the submissions that were docketed on August 10. It was not docketed with them. On two separate calls, Clerk personnel identified possible chambers involvement as one possible explanation for why that motion had not been docketed. No Clerk employee represented that chambers had

reviewed the filing, instructed the Clerk to hold it, or otherwise acted concerning it. Plaintiff does not know whether any communication with chambers occurred. The argument is opacity, not misconduct.

18. Rule 5(d)(4) supplies relevant context: "The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Fed. R. Civ. P. 5(d)(4). Plaintiff does not contend that the Clerk or chambers violated that provision. The provision illustrates the baseline distinction between acceptance for filing and later judicial treatment. Whatever the actual explanation, Plaintiff could not determine from the docket or the delivery record whether the motion had been misplaced, remained in processing, had been routed elsewhere, or was awaiting some perceived direction. Each possibility carries a different remedy and a different timeline. None was visible to Plaintiff. Seven calls were required to resolve the episode. That opacity differs in kind from ordinary mailing delay, which ends at delivery.

**E. Direct CM/ECF filing addresses the failure points the record demonstrates.**

19. The relief matches the failure. Direct electronic filing bypasses carrier-dependent physical intake. It bypasses physical package fragmentation. It removes the need to locate separate paper enclosures within one parcel. It creates

an electronic submission record at the moment of filing. It removes the particular need demonstrated here: telephoning the Clerk to learn whether an already-delivered submission reached the docket.

20. Those effects run in the Clerk's favor as well as Plaintiff's. On this record, CM/ECF does not only benefit Plaintiff. It removes the repeated physical-intake and tracing work this record shows conventional filing required — an administrative burden already incurred, within the category of concern the Eleventh Circuit recognized as legitimate in *Pouyeh*. The relief does not eliminate all Clerk work. It eliminates the particular manual intake and tracing process implicated by this record.

21. The record therefore supplies a case-specific circumstance showing that the conventional mechanism has generated both docketing uncertainty and measurable administrative work after confirmed courthouse delivery. The default rule remains intact. On these facts, the individualized exception serves the administrative rationale the Eleventh Circuit identified rather than undermining it. Good cause is shown.

## V. CONCLUSION

22. Plaintiff requests that the Court find good cause, authorize Plaintiff to register for and file through CM/ECF in this action, and direct Plaintiff to comply with all applicable CM/ECF Administrative Procedures.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Yuliya Glazman, declare under penalty of perjury that the following facts stated in this motion are true and correct to the best of my personal knowledge: the events of the August 7–13, 2026 filing episode described in Section III; my communications with Clerk's Office personnel, including the seven telephone calls; my reason for selecting UPS on the mailing date; the statement made to me by Clerk personnel concerning the comparative ease of locating the UPS parcel; the two separate references by Clerk personnel to possible chambers involvement; my maintenance of PACER access and my electronic monitoring of the dockets; and my preparation of the enclosed submissions in electronic form before printing them for submission to the Clerk. Docket dates and docket contents recited in this motion are derived from the public dockets of these actions. I do not verify legal conclusions or matters outside my personal knowledge.

Executed on August 15, 2026.

Yuliya Glazman
Plaintiff, *pro se*

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that on August 13, 2026, Plaintiff conferred with counsel for Defendants by email in a good-faith effort to resolve the relief requested in this motion. Defendants to not oppose the relief requested.

Dated: August 15, 2026

Yuliya Glazman
Plaintiff, *pro se*
2110 Thousand Trails Road
Clermont, FL 34714
Telephone: (407) 794-6503

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 15, 2026, the foregoing was delivered to the Clerk of Court for filing, by United States Mail, first-class postage prepaid. The Court's CM/ECF system will provide notice of electronic filing to all counsel of record upon docketing.

Yuliya Glazman