AUG 25 2026 AM11:26
FILED - USDC - FLMD - TPA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

YULIYA GLAZMAN,

*Plaintiff,*

v. Case No. 8:26-cv-02265-TPB-SPF

CITIGROUP, INC., and
CITIBANK, N.A.,

*Defendants.*

# PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(d)

## I. RELIEF REQUESTED

1. Plaintiff moves under Federal Rule of Civil Procedure 15(d) for leave to file a supplemental complaint setting out transactions, occurrences, and events that happened after August 5, 2026, the date the Complaint was filed. The proposed supplemental complaint sets out events occurring after August 5, 2026; includes two formal non-selection decisions communicated by Citi on August 18, 2026; alleges those decisions as additional post-Complaint adverse employment actions within the retaliation course already pleaded; includes the preceding

August 5 through August 7 events bearing on Citi's knowledge and the chronology surrounding those later employment decisions; includes Defendants' August 24, 2026 filing stating Defendants' position concerning the disputed performance-rating statement, Plaintiff's protected litigation, and the professional consequences identified in Plaintiff's declaration; and asserts the same causes of action already pleaded in the Complaint. The supplemental pleading asserts no new cause of action. It supplements Counts I, III, and IV of the Complaint, the retaliation counts, with two additional employment decisions occurring after commencement of this action and with the intervening events bearing on the chronology of those decisions. This motion seeks leave to supplement; it requests no determination of the truth or ultimate sufficiency of any allegation, no relief concerning any other pending motion, and no modification of any deadline. The proposed Supplemental Complaint is attached to this motion.

## II. BACKGROUND

2. The Complaint, filed August 5, 2026, alleges retaliation and discrimination occurring on or after March 16, 2026, following and because of Plaintiff's filing and prosecution of *Glazman v. Citigroup, Inc.*, No. 8:26-cv-01522-TPB-AEP (M.D. Fla.) (the "First Action"), and related administrative charges. Doc. 1 ¶¶ 1, 16–19, 51–73.

3. On August 5, 2026, the court in the First Action entered an order compelling arbitration, staying that action, and directing administrative closure. First Action, Doc. 54. The order states that the amounts of Plaintiff's bonuses reflected poor performance ratings given to her by Defendants. First Action, Doc. 54 at 2. The operative pleading in the First Action alleges that Defendants use a one-to-five performance scale on which one is the highest rating and that Plaintiff received a rating of two—the second-highest rating—for four consecutive years. First Action, Doc. 22 ¶¶ 26–27. The operative pleading contains no allegation that Plaintiff received a poor performance rating.

4. On August 7, 2026, Plaintiff transmitted by certified mail correspondence dated August 6, 2026, to Citibank Talent Acquisition, identifying three positions for which Plaintiff applied on August 6, 2026, and requesting application-status information. Counsel for Defendants received a courtesy copy of that correspondence on August 7, 2026. As of the date of this motion, two positions for which Plaintiff applied after the filing of this action have received formal adverse dispositions, described below; Plaintiff's remaining applications have not received a formal adverse disposition.

5. On August 7, 2026, Plaintiff filed in the First Action a motion under Rule 60(a) to correct that performance-rating statement, supported by a declaration stating that Plaintiff remains actively engaged in a financial-services job search, that applications remain pending, and that background screening of candidates in that industry includes review of publicly available court records. First Action, Docs. 55, 57. The declaration placed the professional significance of the public performance-rating statement before the Court. The motion requests no change to the arbitration ruling, the stay, or any other disposition in the order.

6. On August 5, 2026, Plaintiff conferred with counsel for Defendants by email under Local Rule 3.01(g) concerning the relief requested in the motions. At approximately 9:15 a.m. on August 7, 2026, counsel for Defendants received by email courtesy copies of Plaintiff's filed motions, the supporting declaration, and the correspondence to Citibank Talent Acquisition. At approximately 11:15 a.m. on August 7, 2026, counsel responded. The response stated, in its entirety: "Defendant opposes your motions." That response forms part of the chronology preceding the employment decisions described below.

7. On August 18, 2026, Citi formally declined Plaintiff's applications for two positions for which she had applied after filing this action: COB & CM Senior

Analyst, Job ID 26964430, and Model Analytics Validation Senior Analyst Assistant Vice President, Job ID 26940044. Those two formal non-selection decisions occurred after the August 5, 2026 Complaint; after Citi had received the application-status correspondence directed to Citibank Talent Acquisition; and after counsel for Defendants had received the correction motion, the supporting declaration, and the correspondence documenting Plaintiff's continuing effort to obtain employment with Citi.

8. On August 24, 2026, Defendants filed a written response opposing Plaintiff's motion to correct the performance-rating statement. First Action, Doc. 62. Defendants stated that they "do not interpret the Court's Order as stating Plaintiff actually received poor performance ratings." Id. at 4. Defendants stated that, as Plaintiff noted in her motion, the proposed correction "does not impact the Court's analysis, nor does it change the ruling in the Court's Order." Id. at 5. Defendants requested denial of the correction and, in addressing Plaintiff's stated concern that the public statement could affect her financial-services job search, stated that "it was Plaintiff's choice, not Citi's, to file this public lawsuit in lieu of confidential arbitration to which she agreed, knowing that information about her employment with Citi would be public record." Id. Defendants made those

statements after receiving Plaintiff's declaration identifying her active financial-services job search, her pending applications, and the professional significance Plaintiff attributed to the public performance-rating statement, and after receiving the August 6, 2026 correspondence identifying her pending Citi applications.

## III. THE PROPOSED SUPPLEMENTAL ALLEGATIONS

9. The proposed supplemental pleading sets out the events of August 5 through August 24, 2026: the entry of the First Action order containing the performance-rating statement; Plaintiff's continuing applications for Citi employment; the August 6, 2026 correspondence to Citibank Talent Acquisition documenting those applications; Plaintiff's correction motion and supporting declaration; Defendants' receipt of those materials; Defendants' August 7 stated opposition to correction; Citi's August 18, 2026 formal declines of two post-Complaint applications; and Defendants' August 24, 2026 written opposition stating Defendants' interpretation of the performance-rating language, that the requested correction would leave the substantive ruling unchanged, and addressing Plaintiff's decision to pursue public litigation rather than confidential arbitration. The Complaint already alleges that Defendants subjected Plaintiff to adverse employment actions after and because of her protected activity. The August 18, 2026 decisions occurred after commencement of this action. The

preceding August events supply the knowledge and causation chronology surrounding those later decisions. Defendants' August 24, 2026 filing supplies subsequent factual allegations concerning Defendants' stated position toward Plaintiff's protected litigation and the disputed public employment information. The supplementation pleads a continuation of the existing alleged retaliatory course.

## IV. LEGAL STANDARD

10. Rule 15(d) provides that, on motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d). Leave is committed to the court's discretion and is evaluated under the standard governing amendment: absent undue delay, bad faith, undue prejudice, or futility, leave is freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(d), in proper circumstances and when its requirements are satisfied, permits a pleading to be supplemented to bring subsequent changes in the facts before the court. *See Manning v. City of Auburn*, 953 F.2d 1355 (11th Cir. 1992) (describing supplementation as the appropriate vehicle to add new facts updating an earlier pleading). The Complaint was filed August 5, 2026; the two formal employment decisions occurred August 18, 2026.

Those events fall within Rule 15(d)'s temporal function of addressing transactions, occurrences, or events happening after the date of the pleading to be supplemented.

## V. LEAVE SHOULD BE GRANTED

11. The motion is timely. The two formal non-selection decisions occurred on August 18, 2026, and Plaintiff seeks supplementation on August 24, 2026, six days later. Defendants' response to the Complaint is due August 27, 2026, and discovery has not commenced.

12. The subsequent events have a direct relationship to the existing pleading. The Complaint already pleads retaliation based on Plaintiff's prosecution of the First Action and related protected activity. The proposed supplement alleges two later employment decisions by the same Defendants, concerning Plaintiff's continuing efforts to obtain employment with Citi, and alleges that those decisions form part of the same asserted retaliatory course. The parties, protected activity, alleged retaliatory motive, reemployment context, Talent Acquisition process, and remedial framework are continuous between the Complaint and the supplemental allegations.

13. Supplementation prejudices no party. The action is at its outset: Defendants' response to the Complaint is due August 27, 2026, and discovery has

not commenced. Supplementation at this stage permits the operative factual record to be established before substantive litigation proceeds.

14. Supplementation serves judicial economy. Rule 15(d) allows the Court to adjudicate the subsequent employment decisions in the existing action involving the same parties and the same alleged course of retaliation. Supplementation places the entire alleged post-filing retaliation sequence, occurring after August 5 through August 24, 2026, in one action; avoids a separate action based on the August 18, 2026 employment decisions; permits one responsive pleading and one discovery record; and allows related employment decisions to be adjudicated together.

15. The proposed supplement contains completed, dated employment decisions, not only pending applications and developing circumstances. The August 18, 2026 non-selection notices are concrete subsequent events appropriately pleaded under Rule 15(d). This motion requests no determination of the truth or ultimate merits of those allegations; those matters are reserved for adjudication on the operative pleading as supplemented.

## VI. RELATIONSHIP TO OTHER MOTIONS

16. On August 19, 2026, the Court denied Plaintiff's motion concerning the assignment of this action and the alternative request for disqualification. Doc.

11. The present motion concerns only the operative pleading and subsequent employment events, and it may be adjudicated independently of the August 19, 2026 ruling and of the motions pending in the First Action.

## VII. CONCLUSION

17. Plaintiff requests that the Court grant leave under Federal Rule of Civil Procedure 15(d) to file a supplemental complaint setting out the events occurring after the filing of the August 5, 2026 Complaint through August 24, 2026, including the two formal August 18, 2026 non-selection decisions and Defendants' August 24, 2026 filing concerning the disputed performance-rating statement, Plaintiff's protected litigation, and the professional significance identified in Plaintiff's declaration. Supplementation will permit the post-August 5 employment decisions to proceed within the existing action. Plaintiff will file the supplemental complaint promptly upon entry of an order granting leave.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that on August 10, 2026, Plaintiff conferred by email with counsel for Defendants under Local Rule 3.01(g) concerning the relief requested in this motion. Counsel for Defendants responded that they required more than one day to consider the request and would respond by 5:00 p.m. on August 13, 2026. Defendants provided no response through August 24, 2026 and have not agreed to the relief requested.

Dated: August 25, 2026

Yuliya Glazman
*Plaintiff, pro se*
2110 Thousand Trails Blvd
Clermont, FL 34714
(407) 794-6503
yglazman@protonmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 25, 2026, the foregoing was delivered to the Clerk of Court for filing. The Court's CM/ECF system will provide notice of electronic filing to all counsel of record upon docketing.

Yuliya Glazman