**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

YULIYA GLAZMAN,

*Plaintiff,*

v. Case No. 8:26-cv-02265-TPB-SPF

CITIGROUP, INC., and
CITIBANK, N.A.,

*Defendants.*

# PROPOSED SUPPLEMENTAL COMPLAINT

Plaintiff submits this proposed Supplemental Complaint in connection with Plaintiff's motion for leave under Federal Rule of Civil Procedure 15(d). It sets out transactions, occurrences, and events that happened after August 5, 2026, the date the Complaint (Doc. 1) was filed. This Supplemental Complaint supplements, and does not supersede, the Complaint. Paragraph numbering and section lettering continue from the Complaint. This pleading asserts no new cause of action.

## SUPPLEMENTAL FACTUAL ALLEGATIONS

### J. The August 5, 2026 Performance-Rating Statement in the First Action

74. On August 5, 2026, Plaintiff filed the Complaint in this action.

75. On the same date, the court in *Glazman v. Citigroup, Inc.*, No. 8:26-cv-01522-TPB-AEP (M.D. Fla.) (the "First Action"), entered an order compelling arbitration, staying the First Action, and directing administrative closure. First Action, Doc. 54.

76. The August 5, 2026 Order states that "the amounts of [Plaintiff's] bonuses reflected poor performance ratings given to her by Defendants." First Action, Doc. 54 at 2.

77. The operative pleading in the First Action contains no allegation that Plaintiff received a poor performance rating. It alleges that Defendants use a one-to-five performance scale on which one is the highest rating and that Plaintiff received a rating of two, the second-highest rating, for four consecutive years. First Action, Doc. 22 ¶¶ 26–27.

78. At the time the statement entered the public docket, Plaintiff was actively seeking employment in the financial-services industry, including employment with Citi.

**K. Plaintiff's Post-Complaint Applications and the August 6, 2026 Correspondence**

79. On August 6, 2026, Plaintiff applied for three positions with Defendants.

80. By correspondence dated August 6, 2026, transmitted by certified mail on August 7, 2026, Plaintiff notified Citibank, N.A., Human Resources — Talent Acquisition of the three applications and requested application-status information.

81. Counsel for Defendants received a courtesy copy of the August 6, 2026 correspondence by email on August 7, 2026.

**L. The August 7, 2026 Motion to Correct the Performance-Rating Statement and Defendants' Stated Opposition**

82. On August 7, 2026, Plaintiff filed in the First Action a motion under Rule 60(a) specifically to correct that performance-rating statement, supported by a declaration. First Action, Docs. 55, 57. The motion requests no alteration of the arbitration ruling, the stay, or any other disposition in the order.

83. The declaration states that Plaintiff remains engaged in a financial-services job search, that applications remain pending, and that background

screening of candidates in that industry includes review of publicly available court records.

84. At approximately 9:15 a.m. on August 7, 2026, counsel for Defendants received by email copies of the filed motions, the supporting declaration, and the August 6, 2026 correspondence.

85. At approximately 11:15 a.m. on August 7, 2026, counsel for Defendants responded. The response stated, in its entirety: "Defendant opposes your motions."

86. At the time of that response, Citi had received Plaintiff's August 6, 2026 correspondence identifying her pending post-Complaint employment applications.

**M. The August 18, 2026 Non-Selection Decisions**

87. On August 18, 2026, Citi communicated to Plaintiff formal non-selection decisions declining her applications for two positions for which she had applied after the filing of this action: COB & CM Senior Analyst, Job ID 26964430, and Model Analytics Validation Senior Analyst Assistant Vice President, Job ID 26940044.

88. The August 18, 2026 decisions followed the filing of this action by thirteen days. Eleven days before the August 18, 2026 decisions, counsel for

Defendants received the correction motion, the supporting declaration, and the August 6, 2026 correspondence documenting Plaintiff's continuing effort to obtain employment with Citi.

89. Each August 18, 2026 decision is an employment decision by Defendants concerning an application Plaintiff submitted after the commencement of this action.

**N. Defendants' August 24, 2026 Opposition to Correction of the Public Performance-Rating Statement**

90. On August 24, 2026, Defendants filed a written response opposing Plaintiff's motion to correct the performance-rating statement. First Action, Doc. 62.

91. In that response, Defendants stated that they "do not interpret the Court's Order as stating Plaintiff actually received poor performance ratings." First Action, Doc. 62 at 4.

92. Defendants stated that, as Plaintiff noted in her motion, the proposed correction "does not impact the Court's analysis, nor does it change the ruling in the Court's Order." Id. at 5.

93. Defendants requested denial of the correction. In addressing Plaintiff's stated concern that the public performance-rating statement could

affect her financial-services job search, Defendants stated that "it was Plaintiff's choice, not Citi's, to file this public lawsuit in lieu of confidential arbitration to which she agreed, knowing that information about her employment with Citi would be public record." Id.

94. Defendants made those statements after receiving Plaintiff's declaration identifying her active financial-services job search, her pending applications, and the professional significance Plaintiff attributed to the public performance-rating statement, and after receiving the August 6, 2026 correspondence identifying her pending Citi applications.

## RELATION TO THE COUNTS OF THE COMPLAINT

95. Plaintiff incorporates by reference the factual allegations of the Complaint, including Sections A through I of the Factual Allegations, as if fully set forth herein. The counts supplemented by this pleading are Counts I, III, and IV of the Complaint.

96. The two August 18, 2026 non-selection decisions are additional adverse employment actions within the courses of conduct alleged in Counts I, III, and IV of the Complaint, occurring after and, as alleged in those Counts, because of Plaintiff's protected activity.

97. The allegations of Sections J through N supplement the Factual Allegations of the Complaint. The conduct alleged in this Supplemental Complaint forms part of the same alleged course of retaliation pleaded in the Complaint, involves the same parties, and arises from the same continuing application and selection process described in Sections G and H of the Complaint. Defendants' August 24, 2026 filing further states Defendants' position concerning Plaintiff's protected litigation and the public employment information that Plaintiff alleged could affect her continuing employment search.

## RELIEF

As to the conduct alleged in this Supplemental Complaint, Plaintiff seeks the relief requested in the Prayer for Relief of the Complaint, including back pay and lost benefits arising from the August 18, 2026 non-selection decisions, compensatory and punitive damages, injunctive relief concerning Plaintiff's pending and future applications for employment with Defendants, costs, and prejudgment and postjudgment interest.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable, as demanded in the Complaint.

Dated: August 25, 2026

Respectfully submitted,

Yuliya Glazman
Plaintiff, *pro se*
2110 Thousand Trails Blvd
Clermont, FL 34714
(407) 794-6503
yglazman@protonmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 25, 2026, the foregoing was delivered to the Clerk of Court for filing. The Court's CM/ECF system will provide notice of electronic filing to all counsel of record upon docketing.

Yuliya Glazman