UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEP 1 2026 PM1:31
FILED - USDC - FLMD - TPA

YULIYA GLAZMAN,

*Plaintiff,*

v. Case No. 8:26-cv-02265-TPB-SPF

CITIGROUP, INC., and
CITIBANK, N.A.,

*Defendants.*

**PLAINTIFF'S TIME-SENSITIVE MOTION TO ESTABLISH ORDER OF DECISION AND PRESERVE ADJUDICATION OF PLAINTIFF'S RULE 56 MOTION**

Plaintiff Yuliya Glazman moves for an order establishing the sequence in which the Court will decide the pending assignment and arbitrability matters and preserving adjudication of Plaintiff's Motion for Partial Summary Judgment under Federal Rule of Civil Procedure 56 (the "Rule 56 motion"). The matters are Plaintiff's Motion for Reconsideration of the August 19, 2026 Order (Doc. 11) Under Federal Rule of Civil Procedure 54(b) (the "Rule 54(b) motion"); the Rule 56 motion; and Defendants' Motion to Compel Arbitration and Stay Litigation, Doc. 14, including its request for sanctions. The Rule 54(b) motion, the Rule 56 motion,

and Plaintiff's Protective Opposition to Doc. 14 were delivered to the Clerk by U.S. Mail on August 31, 2026 and had not been docketed when this motion was prepared. Plaintiff cites them by title.

This motion is time-sensitive under Local Rule 3.01(e). On August 31, 2026, Defendants stated in writing that they will move to stay their deadline to respond to the Rule 56 motion until the Court decides Doc. 14. Under Local Rule 3.01(c), that response is due twenty-one days after service of the Rule 56 motion, which will occur through CM/ECF upon docketing. Defendants' anticipated motion and this motion present competing proposals on the same question: the order in which the pending motions are decided. A ruling on Defendants' anticipated motion, or expiration of the Local Rule 3.01(c) deadline, would resolve that question before this motion is heard. Plaintiff files by mail and Defendants file electronically, so Defendants' motion can be filed and decided before this motion reaches the docket unless this motion is docketed and decided promptly. Plaintiff therefore requests a ruling before the Court rules on any motion by Defendants to stay or defer their response to the Rule 56 motion and, in any event, on or before September 18, 2026, a date that precedes the earliest day on which Defendants' response could come due under Local Rule 3.01(c).

Plaintiff requests this order of decision. First, the Court decides the Rule 54(b) motion concerning judicial assignment. Second, if the Court retains the action, Defendants respond to the Rule 56 motion in the ordinary course, Plaintiff may exercise any reply right the applicable rules provide, and the Court decides that motion. The Rule 56 motion presents one discrete question: assuming without deciding that the dispute asserted in Count I of the First Action qualifies as a "sexual harassment dispute" under 9 U.S.C. § 401(4), whether this action "relates to" that dispute within the meaning of 9 U.S.C. § 402(a). Third, the Court decides Doc. 14, including its sanctions request.

Plaintiff further requests that (1) Defendants' response deadline on the Rule 56 motion proceed in the ordinary course; (2) briefing on Doc. 14 likewise be completed, including any reply the Court authorizes; (3) Doc. 14 be held for decision, not for briefing, until the preceding adjudications are complete; and (4) Plaintiff's Motion for Leave to File a Supplemental Complaint under Rule 15(d), Doc. 13, remain independently pending.

Alternatively, if the Court elects to decide Doc. 14 before the Rule 56 motion, Plaintiff requests that the resulting order expressly identify the disposition and procedural status of the Rule 56 motion, stating whether that motion is granted,

denied, deferred, stayed, moot, or otherwise unresolved; expressly state whether the Court reached the § 402(a) "relates to" question the motion presents; and provide a reasoned explanation sufficient to identify the basis for that disposition.

The parties agree that the pending arbitrability matters should be sequenced. The disagreement is consequential. Plaintiff's proposed sequence preserves adjudication of every pending motion. Defendants' proposed sequence can prevent Plaintiff's Rule 56 motion from ever being adjudicated. Plaintiff proposes that the Court decide the Rule 54(b) motion, then the Rule 56 motion, then Doc. 14. Defendants have advised that they will move to stay their obligation to respond to the Rule 56 motion until Doc. 14 is decided, because a ruling on Doc. 14 could eliminate the need ever to respond. Defendants' sequence can eliminate an adjudication. Plaintiff's sequence merely orders the adjudications.

Under Plaintiff's sequence, Defendants lose no claim, defense, motion, argument, sanctions request, appellate right, or opportunity to reply. The burden on Defendants is limited to briefing the discrete § 402(a) question before their broader motion is decided. That question is already part of the arbitrability controversy Defendants placed before the Court through Doc. 14.

The first question remains who will decide the substantive motions. The Rule 54(b) motion concerns judicial assignment and asks that the assignment question be resolved before the present Court makes substantive rulings. Deciding that motion requires no adjudication of the EFAA, the arbitration agreement, the retaliation claims, summary judgment, or sanctions.

The Rule 56 motion does not duplicate Doc. 14. It isolates one statutory question: assuming the § 401(4) predicate, does this retaliation action "relate to" the First Action dispute under § 402(a)? The Rule 56 motion therefore places a discrete statutory determination before the Court through an affirmative procedural vehicle independent of Defendants' broader request to compel arbitration.

The FAA makes the order of decision consequential. If Doc. 14 is granted and arbitration is compelled with a stay, Plaintiff generally has no immediate appeal from that interlocutory order. 9 U.S.C. § 16(b). If Doc. 14 is denied, Defendants may appeal immediately, 9 U.S.C. § 16(a), and *Coinbase, Inc. v. Bielski,* 599 U.S. 736 (2023), requires district-court proceedings to stop during that appeal. Either disposition of Doc. 14 can therefore remove the action from active district-court adjudication before Plaintiff's Rule 56 motion receives a ruling.

The requested sequence avoids that result without impairing any relief sought by Defendants. The Court first determines the adjudicator, then decides the discrete § 402(a) Rule 56 question if it retains the action, and then adjudicates the broader motion to compel and sanctions request on the resulting record. That sequence preserves the motions, preserves the parties' positions, and produces a defined record for any appellate review that later becomes available.

## I. THE COURT HAS AUTHORITY TO ESTABLISH AN ORDER OF DECISION THAT PRESERVES THE PENDING ADJUDICATIONS

"The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1172 n.7 (11th Cir. 2004) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Establishing the order of adjudication among the pending assignment, Rule 56, and arbitration motions falls within that authority.

The FAA structures appellate review of arbitration orders asymmetrically. Section 16 permits an immediate appeal from an order refusing a stay under 9 U.S.C. § 3 or denying a petition to compel arbitration under 9 U.S.C. § 4, while generally prohibiting an immediate appeal from an interlocutory order granting a § 3 stay or directing arbitration to proceed under § 4. 9 U.S.C. § 16(a)(1)(A)–(B),

(b)(1)–(2). That asymmetry determines when a district-court arbitration ruling can carry the action out of active district-court adjudication. It is the reason the order of decision matters here.

The Eleventh Circuit requires district-court rulings to contain sufficient explanation to permit meaningful appellate review. *Danley v. Allen*, 480 F.3d 1090, 1091 (11th Cir. 2007). It has vacated where insufficient explanation of a discrete legal determination prevented the court from evaluating whether the district court erred. *Guevara v. Lafise Corp.*, 127 F.4th 824, 832–33 (11th Cir. 2025).

## II. THE ASSIGNMENT QUESTION COMES FIRST BECAUSE IT DETERMINES THE ADJUDICATOR

Plaintiff's Rule 54(b) motion asks whether the present Court should retain this action before it makes substantive rulings. That motion asks the Court to adjudicate the assignment question before any substantive order issues in this action. Rule 54(b) Mot. ¶¶ 5–6.

Doc. 14 materially reinforces the significance of that question. Defendants ask the present Court to apply the First Action arbitration ruling to this action, to compel this action to arbitration, and to sanction Plaintiff for continuing to litigate the EFAA issue. Doc. 14 at 2, 5, 24–25.

Deciding either substantive arbitrability motion before resolving the assignment question would decide the merits-related question first and determine the adjudicator second. The assignment question therefore comes first.

## III. THE RULE 56 MOTION PRESENTS A DISTINCT STATUTORY QUESTION THAT SHOULD RECEIVE AN EXPRESS ADJUDICATION

The Rule 56 motion presents one question: assuming without deciding that the dispute asserted in Count I of the First Action qualifies as a "sexual harassment dispute" under § 401(4), whether this action, which alleges adverse employment actions because Plaintiff asserted and prosecuted that dispute, is a case that "relates to" that dispute under § 402(a). Rule 56 Mot. at 2.

That question is narrower than Doc. 14. Doc. 14 seeks ultimate enforcement of the arbitration agreement and sanctions, and it encompasses additional questions concerning the EFAA predicate and enforceability. The fact that both motions concern arbitrability does not make the Rule 56 motion redundant.

A ruling granting the Rule 56 motion establishes the § 402(a) relationship determination before the Court reaches Defendants' broader enforcement request. A ruling denying it will identify whether the § 402(a) issue fails as a matter of law or remains unresolved because a material factual dispute precludes summary

judgment, thereby defining the issue remaining under Doc. 14. Either disposition advances Doc. 14. Neither disposition eliminates Defendants' right to obtain a ruling on Doc. 14.

Deciding Doc. 14 first creates the opposite possibility: the broader motion may dispose of the case's immediate federal-court posture without a separate adjudication of the precise § 402(a) issue Plaintiff affirmatively presented under Rule 56. The Rule 56 motion should therefore receive an express adjudication before Doc. 14.

## IV. DEFENDANTS' PROPOSED SEQUENCE CREATES ASYMMETRICAL PREJUDICE

### A. Plaintiff's Sequence Preserves Every Issue Raised by Defendants

Under Plaintiff's sequence, (1) Defendants respond to the discrete Rule 56 motion; (2) Defendants may complete briefing on Doc. 14; (3) any authorized reply remains available; (4) Doc. 14 remains pending in full; (5) Defendants' request to compel arbitration remains pending; (6) Defendants' requested stay remains pending; (7) Defendants' sanctions request remains pending; and (8) any appellate rights arising from the eventual disposition of Doc. 14 remain intact. Plaintiff's proposed sequence therefore changes only the order of decision. The identified burden on Defendants is the obligation to brief a statutory issue already implicated

by the arbitration dispute they have placed before the Court. No adjudication sought by Defendants is lost.

### B. If Doc. 14 Is Granted First, Plaintiff's Rule 56 Motion Can Be Left Without Adjudication

When a federal court determines that a dispute is subject to arbitration and a party has requested a stay under 9 U.S.C. § 3, the court must stay the proceeding rather than dismiss it on the ground that all claims are arbitrable. *Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024). Defendants have requested a stay. Doc. 14 at 1. Section 16 generally precludes an immediate appeal from an interlocutory order granting a § 3 stay or directing arbitration to proceed under § 4. 9 U.S.C. § 16(b)(1)–(2).

If Doc. 14 is granted before Plaintiff's Rule 56 motion is adjudicated, this action can enter the mandatory arbitration stay with the Rule 56 motion still unresolved and without an ordinary immediate appeal by Plaintiff from the interlocutory arbitration order. Defendants' proposed sequence therefore creates a concrete path by which Plaintiff's independently presented Rule 56 motion receives no district-court adjudication before the case leaves active federal litigation for arbitration.

### C. If Doc. 14 Is Denied First, an Immediate Arbitrability Appeal Can Likewise Halt Adjudication of the Rule 56 Motion

The FAA authorizes an immediate appeal from an order refusing a § 3 stay or denying a § 4 petition to compel arbitration. 9 U.S.C. § 16(a)(1)(A)–(B). A district court must stay its proceedings while an interlocutory appeal on arbitrability is pending, because the question whether the case belongs in arbitration or in district court places the case itself within the appeal. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740–44 (2023).

If Doc. 14 is denied before Plaintiff's Rule 56 motion is adjudicated and Defendants invoke § 16(a), *Coinbase* requires the district-court proceedings to stop while the arbitrability appeal proceeds. That sequence likewise permits the arbitration controversy to leave the district court before Plaintiff receives an adjudication of the discrete § 402(a) question she affirmatively presented under Rule 56.

**D. Only One Sequence Preserves Both Sides' Adjudications**

The comparison is therefore not between two equally efficient scheduling preferences. Under Defendants' sequence, a grant of Doc. 14 can strand Plaintiff's Rule 56 motion behind a mandatory arbitration stay, while a denial can trigger an immediate arbitrability appeal and a *Coinbase* stay. Under Plaintiff's sequence, adjudication of the Rule 56 motion forecloses none of the relief requested in Doc. 14. Defendants' sequence can eliminate an adjudication. Plaintiff's sequence

preserves both. The absence of reciprocal prejudice weighs decisively in favor of Plaintiff's proposed order of decision.

## V. THE REQUESTED SEQUENCE PRODUCES A DEFINED RECORD FOR APPELLATE REVIEW

Plaintiff's Rule 56 motion deliberately isolates the § 402(a) "relates to" question. Adjudicating it separately produces a defined district-court determination of that statutory issue.

The Eleventh Circuit requires sufficient explanation of district-court rulings to permit meaningful appellate review. *Guevara*, 127 F.4th at 832–33; *Danley*, 480 F.3d at 1091. An express determination of the Rule 56 issue identifies whether the § 402(a) relationship requirement is satisfied, the legal basis for that determination, and any material factual dispute preventing summary judgment.

Deciding Doc. 14 first creates the possibility that the broader arbitration disposition reaches eventual appellate review without a separate district-court adjudication of the narrower § 402(a) question Plaintiff placed before the Court. Plaintiff's requested sequence avoids that ambiguity by allowing the district court to decide the precise statutory issue before the broader arbitration controversy can trigger either an arbitration stay or an interlocutory arbitrability appeal. The

resulting record will identify what the Court decided, why it decided it, and what remains for review.

## VI. DOC. 14 SHOULD BE DECIDED THIRD ON THE RECORD PRODUCED BY THE ANTECEDENT DETERMINATIONS

After the Court determines assignment and the § 402(a) Rule 56 issue, Doc. 14 remains before it in full. No defense argument disappears merely because an antecedent question has been decided.

Doc. 14 predicates sanctions in material part on Defendants' contention that Plaintiff is improperly continuing to litigate an EFAA issue already resolved. Doc. 14 at 2, 5, 24–25. The sanctions request should be adjudicated only after the Court determines both whether it remains the adjudicator and what disposition follows from Plaintiff's distinct § 402(a) Rule 56 presentation.

Briefing on Doc. 14 need not stop. Plaintiff's Protective Opposition to Defendants' Motion to Compel Arbitration and Stay Litigation was delivered to the Clerk by U.S. Mail on August 31, 2026 and is pending docketing. Defendants have requested leave to reply. Any reply the Court authorizes can complete the Doc. 14 record. The requested relief governs decision, not presentation. It therefore preserves Defendants' ability to brief Doc. 14 while preventing premature adjudication from displacing the antecedent motions.

## VII. DOC. 13 REMAINS INDEPENDENTLY PENDING

Plaintiff's Rule 15(d) motion, Doc. 13, concerns supplementation of the operative pleading based on post-Complaint events. The present motion does not place Doc. 13 within the requested assignment-and-arbitrability sequence. Doc. 13 remains independently pending for disposition by the Court.

## VIII. ALTERNATIVELY, ANY DIFFERENT SEQUENCE SHOULD EXPRESSLY DISPOSE OF THE RULE 56 MOTION

Plaintiff primarily requests adjudication in the sequence set forth above. If the Court elects instead to decide Doc. 14 before Plaintiff's Motion for Partial Summary Judgment, the resulting order should expressly identify the procedural disposition of the Rule 56 motion and whether the Court reached its § 402(a) question. The order should specify whether the Rule 56 motion is granted, denied, deferred, stayed, moot, or otherwise unresolved.

The order should separately identify whether the Court determined that this action does or does not "relate to" the First Action dispute within the meaning of § 402(a), and should provide the basis for that determination or for declining to reach it. *Guevara*, 127 F.4th at 832–33; *Danley*, 480 F.3d at 1091. That alternative relief ensures that a different sequencing choice does not leave the status of Plaintiff's independently presented Rule 56 question indeterminate.

## IX. CONCLUSION

The competing proposals do not carry equivalent consequences. Plaintiff's sequence requires Defendants to brief the discrete § 402(a) question before their broader motion is decided, while preserving every form of relief, argument, sanctions request, and appellate right asserted by Defendants. Defendants' sequence can prevent Plaintiff's Rule 56 motion from receiving any district-court adjudication before either a mandatory arbitration stay or an interlocutory arbitrability appeal removes the case from active district-court adjudication.

Plaintiff requests that the Court (1) decide the Rule 54(b) assignment motion first; (2) if the Court retains the action, require ordinary briefing on Plaintiff's Rule 56 motion and decide that motion second; (3) permit completion of briefing on Doc. 14, including any reply the Court authorizes; (4) hold Doc. 14 for decision until the antecedent determinations are made; (5) decide Doc. 14, including its sanctions request, third; (6) leave Doc. 13 independently pending; and (7) alternatively, if Doc. 14 is decided first, enter an express reasoned disposition identifying the status of the Rule 56 motion and whether the § 402(a) question was reached. Plaintiff's proposed sequence forecloses no adjudication sought by Defendants. It preserves the assignment question, the discrete Rule 56

determination, the broader arbitration motion, and a record identifying what was actually decided before appellate jurisdiction arises.

## LOCAL RULE 3.01(g) CERTIFICATION

On August 31, 2026, Defendants advised Plaintiff in writing that they will move to stay their deadline to respond to Plaintiff's Motion for Partial Summary Judgment until the Court rules on Doc. 14, and that such sequencing could eliminate the need to respond to the Rule 56 motion. The same day, Plaintiff conferred with Defendants' counsel by email. Plaintiff stated that she opposed that sequence, proposed the sequence requested in this motion, and requested Defendants' position on this motion. Defendants had not responded when this motion was delivered to the Clerk for filing. Based on Defendants' written statement, Plaintiff understands that Defendants oppose the requested sequence. Plaintiff will continue to try to contact Defendants' counsel for three days after filing and will promptly supplement this certification in accordance with Local Rule 3.01(g)(3). Defendants have separately made an undocketed request for leave to reply to Plaintiff's Protective Opposition to Doc. 14.

Date: September 1, 2026

Respectfully submitted,

Yuliya Glazman
Plaintiff, *pro se*
2110 Thousand Trails Blvd
Clermont, FL 34714
(407) 794-6503
yglazman@protonmail.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 1, 2026, the foregoing was delivered to the Clerk of Court for filing. The Court's CM/ECF system will provide notice of electronic filing to all counsel of record upon docketing.

Yuliya Glazman
Plaintiff, *pro se*