UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEP 2 2026 PM4:11
FILED - USDC - FLMD - TPA

YULIYA GLAZMAN,

*Plaintiff,*

v. Case No. 8:26-cv-02265-TPB-SPF

CITIGROUP, INC., and
CITIBANK, N.A.,

*Defendants.*

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THIS CASE RELATES TO THE DISPUTE ASSERTED IN THE FIRST ACTION UNDER 9 U.S.C. § 402(a)**

Plaintiff Yuliya Glazman moves under Federal Rule of Civil Procedure 56(a) and 9 U.S.C. § 402(b) for partial summary judgment on one discrete issue material to arbitrability.

## I. RELIEF REQUESTED

Plaintiff requests partial summary judgment determining that, assuming without deciding that the dispute asserted in Count I of the operative First Action complaint qualifies as a "sexual harassment dispute" under 9 U.S.C. § 401(4), this action is a case that "relates to" that dispute within the meaning of 9 U.S.C. § 402(a).

*Glazman v. Citigroup, Inc.*, No. 8:26-cv-01522-TPB-AEP (M.D. Fla.), Doc. 22, Count I.

The predicate is assumed for purposes of this motion only. This motion does not present, and does not ask the Court to decide, whether the dispute qualifies under § 401(4). No judgment is sought on any substantive count, and no determination is sought that any alleged retaliation occurred.

## II. QUESTION PRESENTED

Assuming without deciding that the dispute asserted in Count I of the First Action qualifies as a "sexual harassment dispute" under 9 U.S.C. § 401(4), whether this action — which alleges that Defendants took adverse employment actions against Plaintiff because she asserted and prosecuted that dispute — is a case that "relates to" that dispute within the meaning of 9 U.S.C. § 402(a).

## III. INTRODUCTION

This motion presents one question, and it assumes the other.

Defendants' motion to compel rests on the arbitration agreement. Section 402(a) makes such an agreement unenforceable with respect to a case that relates to a sexual harassment dispute. The EFAA applicability inquiry contains two analytically distinct questions: whether the asserted dispute qualifies under §

401(4), and whether the case relates to it under § 402(a). This motion assumes the first, without deciding it, and presents the second. The proposition is simple: assume the predicate; does the relationship follow?

The record for the second part is four documents: the First Action complaint, this Complaint, an EEOC charge, and Defendants' own motion. Plaintiff asserted a dispute and prosecuted it in two forums. This Complaint alleges that Defendants responded with adverse employment actions because she did. Defendants' motion describes this case the same way — as alleging retaliation for filing the First Action — and states the governing rule: retaliation arising from underlying sexual harassment may trigger the EFAA. Doc. 14 at 2, 16.

The relationship question is the new question this case presents, and it is answered by a causal chain that runs through every claim in the Complaint. Section 402(b) assigns the determination to this Court.

## IV. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On March 16, 2026, Plaintiff filed the First Action. First Action, Doc. 1. The operative amended complaint, filed April 23, 2026, asserts a count denominated "Hostile Work Environment Based on Sex" under Title VII

and contains an express election under 9 U.S.C. § 402(a). First Action, Doc. 22 ¶ 5, Count I. **(Ex. 1.)**

2. Plaintiff prosecuted that dispute in two forums: in the First Action, and before the EEOC in Charge No. 511-2026-02539, filed April 2, 2026, which asserts, among other claims, a sex-based hostile work environment. First Action, Doc. 54 at 2 (describing the charge). **(Ex. 2.)**

3. The Complaint in this action alleges that each claim arises from conduct occurring after, and because of, Plaintiff's assertion and prosecution of the First Action, and makes an express election under 9 U.S.C. § 402(a) with respect to this case. Compl. ¶ 5; ¶¶ 51–57. **(Docket.)**

4. Defendants' motion to compel describes this action as alleging retaliation for filing the First Action and related protected activity, and states that retaliation arising from underlying sexual harassment may trigger the EFAA. Doc. 14 at 2, 16. **(Docket.)**

## V. LEGAL STANDARD

Rule 56(a) permits judgment on "part of each claim or defense." Fed. R. Civ. P. 56(a). The part here is one discrete issue material to arbitrability: whether this case relates to the dispute Plaintiff asserted. Section 402(b) assigns EFAA

determinations to the Court, under federal law, "irrespective of whether the agreement purports to delegate such determinations to an arbitrator." 9 U.S.C. § 402(b).

The material facts are the contents of filed documents: what dispute was asserted, how it was prosecuted, and what relationship this case pleads to it. Whether the underlying conduct occurred, and whether the alleged retaliation occurred, are merits questions and are immaterial to this motion. The motion asks the Court to characterize what this case pleads, not to find that any of it happened. No discovery is necessary; every material fact is a judicial record or a party filing.

## VI. THIS CASE RELATES TO THE DISPUTE ASSERTED IN THE FIRST ACTION

### A. "Relates To" Is a Connection Standard

Section 402(a) operates on "a case which is filed under Federal, Tribal, or State law and relates to . . . the sexual harassment dispute." 9 U.S.C. § 402(a). "Relates to" carries its ordinary meaning: to have "a connection with, or reference to," the subject. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992). The later case need not reproduce the underlying conduct. It need only connect to the dispute.

### B. The Pleaded Connection Is Causal

The connection pleaded here is the strongest form a connection can take: causation. The Complaint alleges the sequence in four links. Plaintiff asserted the dispute. She prosecuted it in two forums. Defendants responded with adverse employment actions because she did. This action challenges that response. Compl. ¶ 5, ¶¶ 51–57.

A case that exists, on its own allegations, because the dispute was prosecuted relates to that dispute. Remove the dispute and this case has no claims. That is not association at the margin. That is dependence at the core.

### C. Olivieri Supplies the Rule, and Defendants State It

The Second Circuit holds that retaliation arising from an asserted sexual-harassment dispute falls within the EFAA: the retaliation case relates to the dispute through the causal link between the dispute's assertion and the employer's response. *Olivieri v. Stifel, Nicolaus & Co.*, 112 F.4th 74, 92 (2d Cir. 2024). The retaliation need not reproduce the underlying conduct; the relationship is the response to its assertion.

Defendants' motion states the same rule. Retaliation arising from underlying sexual harassment "may trigger the EFAA." Doc. 14 at 16. And

Defendants' motion describes this case in the terms the rule requires: as alleging retaliation for filing the First Action and related protected activity. Doc. 14 at 2. On the relationship question, the parties' filings say the same thing. The pleaded relationship is established as a matter of law.

## VII. WHAT THIS MOTION DOES NOT PRESENT

This motion does not present the § 401(4) question — whether the dispute asserted in the First Action qualifies as a "sexual harassment dispute." That question was litigated in the First Action, remains separately preserved and challenged there, and is preserved in Plaintiff's opposition to Defendants' motion to compel in this action. The August 5 Order in the First Action does not answer the question this motion presents: that order addressed the sufficiency of the First Action allegations, not whether this later case relates to the dispute those allegations asserted, and as a nonappealable interlocutory order it carries no preclusive effect in any event. *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892–93 & n.14 (11th Cir. 2013).

The causal relationship between this case and the dispute asserted in Count I can be adjudicated independently of whether that dispute ultimately qualifies under § 401(4). Whether the predicate qualifies changes the legal consequence of

the relationship; it does not change whether the relationship exists. The pleaded connection between the two cases is the same whichever way the qualification question is resolved. The Court can determine the question this motion presents without touching the question it does not.

## VIII. A REASONED DISPOSITION WILL PERMIT MEANINGFUL APPELLATE REVIEW

Rule 52 does not require findings of fact and conclusions of law on a motion under Rule 56. Fed. R. Civ. P. 52(a)(3). The Eleventh Circuit has held that the parties are nonetheless entitled to know the reasons on which a summary judgment disposition rests, and has in practice insisted that district courts record those reasons, however informally, where the basis for the ruling would otherwise be unascertainable. *Hulsey v. Pride Restaurants, LLC*, 367 F.3d 1238, 1243–44 (11th Cir. 2004). What matters in the Rule 56 context is that the court, where relevant, identify the undisputed facts on which its decision rests and the conclusions of law it applies. *Clay v. Equifax, Inc.*, 762 F.2d 952, 956 (11th Cir. 1985).

This motion is built to make that identification simple. It presents one legal question on four documentary facts. Plaintiff asks that the Court's disposition identify the legal basis for its ruling and, if the ruling rests on any factual matter,

the material fact the Court considers disputed. *Clay* explains why the identification matters: an unexplained Rule 56 disposition leaves the reviewing court unable to determine whether the decision rested on a factual dispute, on materiality, or on a rule of law. 762 F.2d at 956–57. Formal findings are not requested. Reasons are.

## IX. CONCLUSION

One question is presented, and the record answers it three times over. The Complaint pleads the causal chain. *Olivieri* states the rule. Defendants' own motion describes this case as the rule requires and concedes the rule's operation.

The Court should determine that, on the assumed predicate, this action relates, within the meaning of 9 U.S.C. § 402(a), to the dispute Plaintiff asserted in Count I of the First Action. Nothing more is asked. Nothing more is needed.

Date: August 31, 2026

Respectfully submitted,

Yuliya Glazman
Plaintiff, *pro se*
2110 Thousand Trails Blvd
Clermont, FL 34714
(407) 794-6503
yglazman@protonmail.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 31, 2026 the foregoing was delivered to the Clerk of Court via US Mail for filing. The Court's CM/ECF system will provide notice of electronic filing to all counsel of record upon docketing.

Yuliya Glazman