UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEP 2 2026 PM4:11
FILED - USDC - FLMD - TPA

YULIYA GLAZMAN,

*Plaintiff,*

v. Case No. 8:26-cv-02265-TPB-SPF

CITIGROUP, INC., and
CITIBANK, N.A.,

*Defendants.*

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE AUGUST 19, 2026 ORDER (DOC. 11) UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

Plaintiff Yuliya Glazman moves under Federal Rule of Civil Procedure 54(b) for reconsideration of the August 19, 2026 Order, Doc. 11, which denied Plaintiff's motion to vacate the August 6, 2026 transfer order, restore the original random judicial assignment, and, in the alternative, for disqualification under 28 U.S.C. § 455(a), Doc. 7. Plaintiff states as follows.

## I. INTRODUCTION

This motion asks for one procedural act before the Court decides anything of substance in this action: return the case to the District's random-assignment process. No merits determination is required. The Court need not decide the

EFAA, retaliation, arbitration, sanctions, or Plaintiff's pending motion for partial summary judgment. Those questions remain exactly where they are. The present question is who should decide them.

The starting point has not changed. Plaintiff conceded before Doc. 11 issued that Local Rule 1.07(a)(2)(A) authorized the transfer: "The transfer was authorized. Local Rule 1.07(a)(2)(A) permits a judge to transfer an action when the receiving judge consents. But authority to act is not the question." Doc. 7, Section I. Doc. 11 answered the conceded question. It held that the transfer was authorized. It did not separately decide whether the interlocutory transfer should remain in effect under Rule 54(b) once the complete circumstances were before the Court.

When Plaintiff first raised the assignment issue, the concern was prospective. It is prospective no longer. On August 27, 2026, Citi filed its motion to compel arbitration in this action. Doc. 14. Citi states that "[t]his Court already ruled" against Plaintiff's EFAA position. It states that Plaintiff is "repackaging the same failed EFAA argument." It asks the Court to end Plaintiff's "circumvention of the Court's Order." It states that Plaintiff has forced Citi and the Court to address a "settled issue." And it calls Plaintiff's filing "frivolous," "vexatious," "bad faith," and "sanctionable." Doc. 14 at 2–6, 12–18, 24–25. Citi asks the Court

both to compel arbitration and to impose sanctions because Plaintiff continued litigating the EFAA issue after the August 5 ruling in the First Action. Citi therefore asks the author of the August 5 Order to determine the reach of that Order in this separate action—and to determine whether Plaintiff's refusal to accept Citi's proposed extension of that Order is sanctionable bad faith.

Plaintiff has also presented a motion for partial summary judgment directed to a question the August 5 Order did not decide: assuming without deciding that the dispute asserted in Count I of the operative First Action complaint qualifies as a "sexual harassment dispute" under 9 U.S.C. § 401(4), whether this action—which alleges adverse employment actions because Plaintiff asserted and prosecuted that dispute—is a case that "relates to" that dispute within the meaning of 9 U.S.C. § 402(a). The motion deliberately assumes the disputed First Action predicate and asks only the separate relationship question. Citi says the August 5 Order supplies the answer. Plaintiff's pending motion demonstrates that another statutory question remains.

The present posture therefore requires the Court to determine what effect its own August 5 ruling carries in this action, whether that ruling disposes of a statutory question it did not expressly decide, whether Plaintiff may continue

litigating that distinction, and whether doing so constitutes subjective bad faith warranting sanctions. The assignment issue is no longer collateral speculation about what might occur. Those questions are now pending.

The Court has since corrected the August 5 Order's description of Plaintiff's performance ratings. Plaintiff recognizes that correction. It resolves that record-accuracy issue. It does not resolve this one. The performance issue has narrowed; the independent-adjudication issue has strengthened, because the litigation that followed has now built the procedural structure Plaintiff identified prospectively.

Plaintiff's concern regarding independent adjudication is not academic. She regards it as sufficiently consequential that continued litigation under the disputed assignment itself threatens additional proceedings, expense, duplication, and procedural complexity that can still be avoided now. Denial will not eliminate the assignment controversy. Plaintiff presently intends to continue pursuing independent adjudication through available procedural means. If continued retention requires Plaintiff to choose between abandoning the assignment objection and terminating this action, Plaintiff presently intends to terminate this action and commence a new action rather than abandon the objection. Citi would then confront another complaint, service, responsive proceedings, renewed

assignment litigation, renewed arbitration litigation, and potentially additional appellate proceedings addressing issues that can be separated from the merits now. Nothing substantive must be decided to avoid that result. The Court need only return the case to random assignment before deciding the merits.

## II. ISSUES PRESENTED

1. Whether reconsideration is warranted where Doc. 11 resolved the undisputed existence of authority to transfer the action but did not separately adjudicate Plaintiff's Rule 54(b) request to revise the interlocutory transfer based on the complete circumstances.
2. Whether developments occurring after Doc. 11 materially alter the Rule 54(b) and § 455(a) analysis because Citi now expressly asks this Court to treat its own August 5 ruling as resolving this separate action and to sanction Plaintiff for maintaining otherwise.
3. Whether a fully informed objective observer could reasonably question independent adjudication where the Court must determine the reach of its own prior ruling, adjudicate a statutory question that ruling did not decide, and determine whether Plaintiff's refusal to accord the prior ruling Citi's asserted effect constitutes subjective bad faith.

4. Whether continued retention serves either party or judicial administration where reassignment now requires minimal duplication while continued litigation under the disputed assignment foreseeably creates additional district-court proceedings, arbitration expense, appellate proceedings, voluntary dismissal, refiling, and renewed assignment litigation.

## III. RULE 54(b) PERMITS REVISION OF THE TRANSFER ON THE PRESENT RECORD

Doc. 11 is interlocutory. It adjudicated fewer than all claims and the rights of fewer than all parties, and it "may be revised at any time" before entry of final judgment. Fed. R. Civ. P. 54(b). District courts hold plenary authority to reconsider, revise, alter, or amend their nonfinal orders, and that authority is broader than the standards governing final judgments under Rules 59(e) and 60(b). *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1377–79 (11th Cir. 2024).

The Court now confronts a materially different procedural record. When Doc. 11 entered, Citi had not filed a motion asserting that the Court's August 5 ruling disposed of this action. Citi had not requested sanctions based on Plaintiff's refusal to accept that proposition. And Plaintiff had not yet placed before the Court

a Rule 56 motion isolating the separate § 402(a) relationship question. Each of those things has now occurred. The transfer is therefore being reconsidered on a record materially different from the one existing on August 19.

## IV. DOC. 11 RESOLVED A PROPOSITION PLAINTIFF EXPRESSLY CONCEDED AND DID NOT SEPARATELY ADJUDICATE THE RULE 54(b) QUESTION PRESENTED

The two texts sit side by side. Doc. 7: "The transfer was authorized. Local Rule 1.07(a)(2)(A) permits a judge to transfer an action when the receiving judge consents. But authority to act is not the question." Doc. 7, Section I. Doc. 11: the action was properly transferred because Local Rule 1.07 allows transfer with consent "at any time and for any reason." Doc. 11. The Order's holding is the motion's concession.

The two questions are different. The first concerns whether the transfer could lawfully occur. The Rule 54(b) question concerns whether that interlocutory transfer should remain in effect after the relevant circumstances were placed before the Court. A transfer may be authorized when entered and nevertheless be revised later under Rule 54(b). That distinction has become more consequential because subsequent events have supplied the concrete circumstances that were only prospective when Plaintiff filed Doc. 7.

## V. THE PROCEDURAL CONCERN IDENTIFIED IN DOC. 7 HAS NOW MATERIALIZED

### A. Plaintiff Raised the Assignment Issue Before Substantive Adjudication

Doc. 7 was filed before any substantive adjudication in this action. It specifically identified the risk that the same Court would be required to determine how its First Action EFAA ruling affected this later action. At that time, the risk was prospective. No party had asked the Court to give the August 5 Order any effect here.

### B. Citi Has Now Placed the August 5 Order at the Center of This Action

Doc. 14 supplies what Doc. 7 predicted. Citi does not merely cite the August 5 reasoning as persuasive authority. Citi says "[t]his Court already ruled." It says Plaintiff is pursuing the "same failed EFAA argument." It says Plaintiff is circumventing "the Court's Order." It says the matter is "settled." And it says continued litigation is sanctionable. Doc. 14 at 2–6, 12–18, 24–25. Defendants therefore seek to convert the August 5 Order from a ruling in the First Action into an adjudicative premise of the Second Action.

### C. Plaintiff's Motion for Partial Summary Judgment Isolates a Question the August 5 Order Did Not Decide

Plaintiff's motion for partial summary judgment assumes without deciding the § 401(4) predicate and asks only whether this action "relates to" the assumed qualifying dispute under § 402(a). The motion removes the disputed premise and asks what follows from it. The existence of that question demonstrates why the Second Action requires independent adjudication rather than mechanical extension of the First Action ruling.

### D. The Concern Is Now Concrete

Plaintiff predicted that retaining the Second Action could require this Court to determine the effect of its own disputed First Action ruling. Citi has now expressly asked the Court to do exactly that and to sanction Plaintiff for disputing the ruling's reach.

## VI. THE COMPLETE PRESENT RECORD CREATES AN OBJECTIVE QUESTION CONCERNING INDEPENDENT ADJUDICATION

The inquiry is objective and complete. Under § 455(a), the question is whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Torkington*, 874 F.2d 1441,

1446 (11th Cir. 1989). *Torkington* further recognizes that reassignment may be appropriate to preserve the appearance of justice even in the absence of actual bias. *Id.* at 1446–47.

The complete chronology is now before the Court. On August 5, the Court entered the First Action EFAA ruling. The same day, Plaintiff filed this separate action based upon later conduct, and the Clerk randomly assigned it to another district judge. On August 6, the action was transferred to this Court with this Court's consent. Plaintiff objected before substantive adjudication. Doc. 11 denied that objection. Citi then filed Doc. 14. Citi expressly asks this Court to treat the August 5 ruling as resolving the Second Action, and it asks this Court to sanction Plaintiff for continuing to litigate otherwise. Plaintiff opposes that position and identifies the distinct statutory question presented here. Plaintiff's motion for partial summary judgment isolates that question by assuming the disputed § 401(4) predicate and presenting only § 402(a)'s "relates to" inquiry. The Court must now determine the reach of its own prior reasoning and whether Plaintiff's resistance to Citi's proposed extension of that reasoning constitutes sanctionable bad faith. The objective appearance question arises from this complete procedural structure.

The authorities cited in Doc. 11 address a different contention. *United States v. Singletary*, 196 F. App'x 819, 821 (11th Cir. 2006), and *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001), answer a litigant who relies upon adverse rulings themselves as evidence of bias. Plaintiff does not. Here, the prior ruling is relevant because Defendants now ask its author to determine its reach in another action and to impose sanctions upon the litigant disputing that reach.

## VII. CITI'S SANCTIONS REQUEST MAKES THE INDEPENDENT-ADJUDICATION QUESTION MORE CONSEQUENTIAL

Citi requests inherent-power sanctions on four contentions: the August 5 Order settled Plaintiff's EFAA position; this action improperly relitigates that determination; Plaintiff knew the issue had supposedly been resolved; and continuing to litigate demonstrates frivolousness, vexatiousness, and bad faith. Doc. 14 at 24–25.

Inherent-power sanctions require a finding of bad faith. The Court is therefore being asked to decide whether Plaintiff acted in subjective bad faith by refusing to give this Court's own interlocutory ruling the expanded effect Citi attributes to it.

Plaintiff's motion for partial summary judgment demonstrates the legal distinction she maintains. The August 5 Order addressed whether the First Action allegations supplied a qualifying § 401(4) dispute. The motion for partial summary judgment asks, on the assumed existence of that qualifying dispute, whether the later retaliation action "relates to" that dispute under § 402(a). The sanctions request converts the assignment concern from a question concerning overlapping legal issues into a question concerning whether the Court should judge the alleged bad faith of a litigant for disputing the reach of the Court's own prior ruling.

## VIII. THE *TORKINGTON* CONSIDERATIONS FAVOR REASSIGNMENT BEFORE SUBSTANTIVE ADJUDICATION

### A. Previous Views and Findings

Citi affirmatively asks the Court to carry its prior August 5 determination into the Second Action. The concern exists on the objective record because Citi asks the Court to make its prior reasoning an adjudicative premise here.

### B. Appearance of Justice

A judge receiving this matter through the District's ordinary assignment system could decide Citi's motion to compel, Plaintiff's opposition, the § 402(a) motion for partial summary judgment, the effect of the August 5 ruling, Citi's

sanctions request, and every merits question—without simultaneously determining the reach of that judge's own earlier ruling. Random reassignment therefore removes the assignment controversy while preserving every substantive position of both parties.

### C. Waste and Duplication

*Torkington* considers whether reassignment would produce waste or duplication disproportionate to the benefit. The timing answers that consideration. At present, reassignment requires a new judge to review a young docket and the pending motion papers. Continued retention foreseeably creates adjudication of the motion to compel, adjudication of the motion for partial summary judgment, sanctions proceedings, an arbitration order, arbitration expense, appellate proceedings, continued litigation concerning assignment, voluntary dismissal, commencement of a new action, renewed service, renewed responsive briefing, and possible repetition of questions that could presently be adjudicated once. Every substantive ruling entered from this point forward increases the potential cost of declining reassignment today.

## IX. CONTINUED RETENTION CREATES FORESEEABLE PREJUDICE TO BOTH PARTIES

### A. Plaintiff

Plaintiff raised the assignment issue before substantive adjudication. She regards independent adjudication as sufficiently consequential that denial will not resolve the issue. Plaintiff presently intends to continue pursuing available procedural means to obtain independent adjudication. If continued retention requires Plaintiff to choose between abandoning that objection and terminating the present action, Plaintiff presently intends to terminate this action and commence a new action rather than abandon the objection. That path imposes new filing expense, renewed service, renewed assignment litigation, renewed motion practice, additional delay, and additional appellate proceedings.

### B. Citi

Continued retention foreseeably requires Citi to expend resources on its present motion to compel, opposition to the motion for partial summary judgment, its sanctions request, arbitration if ordered, appellate proceedings, a newly commenced action after dismissal, renewed responsive motions, renewed arbitration proceedings, and renewed assignment litigation. The assignment controversy therefore has concrete financial consequences for Citi as well as

Plaintiff. Reassignment now creates a finite present cost. Continued retention creates an expanding future cost.

### C. Judicial Administration

The assignment controversy is collateral to the merits, but it can become attached to every substantive determination that follows. Rule 1 directs the just, speedy, and inexpensive determination of every action. Fed. R. Civ. P. 1. The dispute can presently be removed from the case through one administrative act: return to ordinary assignment.

## X. THE PERFORMANCE-RATING CORRECTION NARROWS THE CONTROVERSY AND LEAVES THE PRESENT ISSUE MORE PRECISE

The Court corrected the August 5 Order's description of Plaintiff's performance ratings. Plaintiff recognizes that correction. It resolves that specific record-accuracy dispute.

The remaining concern concerns the relationship between the Court's First Action ruling and adjudication of the Second Action, Citi's demand that the August 5 Order be treated as dispositive here, the distinct § 402(a) question now presented, and Citi's request that Plaintiff be sanctioned for disputing the prior

ruling's asserted reach. The correction therefore narrows the present dispute rather than resolving it.

## XI. PLAINTIFF HAS PRESENTED THE ASSIGNMENT QUESTION BEFORE SUBSTANTIVE ADJUDICATION AND PRESERVES THE CONSEQUENCES OF CONTINUED RETENTION

Plaintiff has repeatedly presented the assignment issue to the district court before substantive adjudication and seeks a complete district-court ruling on the developed record. Plaintiff expressly preserves: (1) whether Doc. 11 separately adjudicated the Rule 54(b) request actually presented; (2) whether Citi's August 27 motion materially changed the assignment and § 455(a) analysis; (3) whether the complete circumstances create an objectively reasonable question concerning independent adjudication; (4) whether Citi's reliance upon the August 5 Order as dispositive heightens that concern; (5) whether Citi's inherent-power sanctions request heightens that concern; (6) whether Plaintiff's motion for partial summary judgment demonstrates a distinct statutory question not determined on August 5; (7) whether continued retention after these issues were presented affects subsequent substantive rulings; (8) whether reassignment should occur before adjudication of the motion to compel, the motion for partial summary judgment, or the sanctions request; (9) whether continued retention creates avoidable

prejudice, expense, and duplication for either party; and (10) the consequences of additional proceedings generated by continued retention, including dismissal, refiling, renewed assignment litigation, and appellate or extraordinary review.

Plaintiff has therefore placed the assignment objection, the intervening events that materialized it, the independent statutory question, the sanctions issue, and the foreseeable procedural consequences of continued retention before the Court before substantive adjudication.

## XII. CONCLUSION

This motion presents a simpler question than the substantive motions awaiting decision. Plaintiff raised the assignment issue before this Court decided anything of substance in the Second Action. Citi has since made the concern concrete by asking this Court to treat its own First Action ruling as dispositive here and to sanction Plaintiff for disputing its reach. Plaintiff has now presented a dispositive motion demonstrating that this action contains a statutory question that ruling did not decide.

The assignment controversy can therefore be separated from the merits now. Random reassignment decides no claim, resolves no EFAA question, grants

Plaintiff no substantive advantage, and removes no defense available to Citi. It determines only who decides those questions.

The alternative carries increasing cost. Plaintiff has preserved the assignment objection and regards independent adjudication as sufficiently consequential that denial will not end the issue. Continued retention therefore creates a foreseeable path toward additional proceedings, voluntary dismissal and recommencement, additional expense to Citi, additional judicial work, and renewed litigation of an assignment controversy that can still be resolved before substantive adjudication.

There is nothing left to gain by carrying that controversy forward. There is substantial cost in doing so. The Court should return this action to random assignment.

Plaintiff requests that the Court: (1) reconsider the August 19, 2026 Order, Doc. 11, under Rule 54(b); (2) vacate the August 6 transfer order, Doc. 4; (3) return this action to the Clerk for assignment through the District's ordinary random-assignment procedure; (4) alternatively, disqualify under 28 U.S.C. § 455(a) and direct random reassignment; (5) further alternatively, enter a reasoned order separately adjudicating the Rule 54(b) request, the intervening developments after

Doc. 11, the complete cumulative § 455(a) issue, Citi's reliance upon the August 5 Order, Citi's sanctions request as it bears upon independent adjudication, Plaintiff's distinct § 402(a) motion for partial summary judgment, the *Torkington* considerations, bilateral prejudice and duplication, and the foreseeable procedural consequences of continued retention; and (6) recognize that Plaintiff raised and preserved the assignment and independent-adjudication issues before substantive disposition of Citi's motion to compel, Plaintiff's motion for partial summary judgment, or Citi's sanctions request.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that on August 31, 2026, Plaintiff conferred with counsel for Defendants by email in a good-faith effort to resolve the relief requested in this motion. Counsel for Defendants advised that Defendants take no position on the motion.

Dated: August 31, 2026.

Respectfully submitted,

Yuliya Glazman
Plaintiff, *pro se*
2110 Thousand Trails Blvd
Clermont, FL 34714
(407) 794-6503
yglazman@protonmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 31, 2026, the foregoing was delivered to the Clerk of Court via US Mail for filing. The Court's CM/ECF system will provide notice of electronic filing to all counsel of record upon docketing.

Yuliya Glazman