**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**YULIYA GLAZMAN,**

**Plaintiff,**

**v.** **Case No. 8:26-CV-02265-TPB-SPF**

**CITIGROUP, INC.,[1] and**
**CITIBANK, N.A.**

**Defendants.**
__________________________ /

**DEFENDANTS CITIGROUP, INC. AND CITIBANK, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**

Defendants Citigroup, Inc. and Citibank, N.A., (collectively, "Citi" or "Defendants") by and through their undersigned counsel, file this response in opposition to Plaintiff's Motion for Leave to File a Supplemental Complaint (Doc. 13) as Plaintiff's proposed supplemental claims belong in arbitration and are futile. In support of their response, Defendants state as follows:[2]

---

[1] Plaintiff was employed only by Citibank, N.A. and has incorrectly filed suit against Citigroup, Inc.

[2] Citi files this response as part of its ongoing effort to enforce the Parties' arbitration agreement and by no means waive the right to arbitration. *See KEY W. Jetski, Inc. v. Sayre-Scibona*, No. 4:25-CV-10067-LEIBOWITZ/AUGUSTIN-BIRCH, 2026 U.S. Dist. LEXIS 31873, at *4 (S.D. Fla. Feb. 17, 2026) (considering whether the party seeking arbitration waived its right to arbitrate by substantially participating in the litigation).

## INTRODUCTION

Futility is established here for one straightforward reason: the claims asserted in the Complaint (Doc. 1) and the proposed Supplemental Complaint (Doc. 13) alike should be submitted to binding arbitration under the parties' valid, enforceable Employment Arbitration Policy, which is governed by the Federal Arbitration Act ("FAA"). As demonstrated in Cit's pending Motion to Compel Arbitration and Stay Litigation (Doc. 14), during her employment with Citi, Plaintiff agreed to arbitrate all employment-related disputes. Similar to her claims in her Complaint, Plaintiff's proposed supplemental retaliation claims fall squarely within the scope of the parties' valid, enforceable arbitration agreement. Plaintiff's proposed supplemental pleading does not contain any claims that are non-arbitrable or that invoke the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA"), as Plaintiff attempts to do in her Complaint (Doc. 1). Permitting Plaintiff to file additional claims in federal court that belong in arbitration serves no legitimate purpose and would be an exercise in futility.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. The First Action

On March 16, 2026, Plaintiff filed a lawsuit, *see Glazman v. Citigroup, Inc.*, No. 8:26-cv-1522-TPB-AEP (M.D. Fla. 2026) (the "First Action"), alleging disparate treatment and unequal pay based on gender and age, as well as claims of

retaliation relating to her requests for a compensation review. On April 23, 2026, Plaintiff amended the complaint in the First Action to add Citibank, N.A. as a co-defendant and additional allegations concerning her disparate treatment and unequal pay claims. *Id.*, Doc. 22. Although Plaintiff's claims were subject to a valid arbitration agreement, Plaintiff erroneously asserted that the lawsuit was exempt from arbitration pursuant to the EFAA.

Citi moved to compel arbitration in the First Action on April 8, 2026 and May 5, 2026 (following the filing of Plaintiff's amended complaint) pursuant to the parties' valid arbitration agreement and on grounds that the EFAA did not apply to the First Action because Plaintiff failed to plead facts of a sexual harassment dispute. First Action, Docs. 10, 29. The Court granted Citi's Motion to Compel Arbitration on August 5, 2026 on the grounds that Plaintiff did not allege any facts consistent with a sexual harassment dispute. First Action, August 5, 2026 Order. First Action, Doc. 54.

**B. The Instant Lawsuit**

Plaintiff filed this instant second lawsuit on August 5, 2026, alleging gender discrimination and retaliation based on the denial of a position for which she was allegedly recruited and interviewed, along with several other job applications she submitted to Citi but to which did not receive responses. Doc. 1. Similar to the First

Action, Plaintiff again seeks to bring her claims in federal court in lieu of arbitration by arguing that the EFAA exempts her claims from arbitration because her retaliation claim allegedly arises from her filing the First Action, despite the Court's August 5, 2026 Order finding that Plaintiff's allegations did not pertain to a sexual harassment dispute. *See id.*, at p. 3-4.

Citi again moved to compel arbitration, as it did in the First Action, citing the parties' valid arbitration agreement and the absence of any factual allegations concerning a sexual harassment dispute that would invoke the EFAA. Doc. 14 (the "Motion to Compel Arbitration"). Citi's Motion to Compel Arbitration (Doc. 14) is currently pending before the Court.

Plaintiff now seeks leave to supplement her Complaint in the Instant Lawsuit with two post-filing events: her rejection on August 18, 2026 from two positions to which she applied with Citi. Doc. 13. Plaintiff's proposed supplement adds these events to Counts I, III, and IV (the retaliation counts). Plaintiff explicitly concedes that the supplemental pleading "asserts no new cause of action" (Doc. 13 at p. 1) and merely supplements the existing retaliation allegations.

## LEGAL ARGUMENT

### A. Legal Standard.

Federal Rule of Civil Procedure 15(d) provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The decision to grant or deny an amendment to the complaint lies within the Court's discretion. *See One Step up, Ltd. v. Wahoo Creek Trading Co.*, No. 2:18-CV-00022-RWS, 2021 U.S. Dist. LEXIS 260793, at *3 (N.D. Ga. Mar. 16, 2021) (citation omitted).

Although the Rule "is intended to give the court broad discretion in allowing a supplemental pleading," that discretion "is not unlimited." *See Harris v. Valet Living, Inc.*, No. 1:25-cv-02887-SDG, 2026 U.S. Dist. LEXIS 66936, at *4 (N.D. Ga. Mar. 30, 2026) (citing Fed. R. Civ. P. 15(d) advisory committee's note to 1963 amendment.). Additional considerations, such as if the supplementation would be futile can also guide the Court's discretion. *See id.* A proposed supplemental pleading is futile if it would not survive a motion to dismiss. *See Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss.").

**B. Plaintiff's Proposed Supplemental Claims are Futile Because They are Subject to the Parties' Arbitration Agreement.**

Plaintiff's proposed claims and allegations are futile as they are subject to the parties' valid arbitration agreement, which this Court previously decided is enforceable during the First Action. *See Kennedy v. VGW Holdings Ltd.*, No. 1:24-CV-2184-TWT, 2025 U.S. Dist. LEXIS 133023, at *25-26 (N.D. Ga. July 14, 2025) ("Accordingly, this case would still be subject to arbitration under the proposed First Amended Complaint, and allowing amendment would be futile."); *see* First Action, Doc. 54. As detailed in Defendants' Motion to Compel Arbitration (Doc. 14), Plaintiff acknowledged receipt of the 2025 U.S. Citi Handbook on July 3, 2025, which contains the Employment Arbitration Policy. Doc. 14 at p. 6. That Policy requires binding arbitration of "all employment-related disputes." *See* Doc. 14. It covers claims arising under Title VII, the Florida Civil Rights Act ("FCRA"), and "any other federal, state or local statute, regulation or common-law doctrine regarding employment, employment discrimination, the terms and conditions of employment, termination of employment, compensation, breach of contract, defamation, or retaliation." *See id.* The two proposed supplemental non-selection decisions are additional employment-related disputes. *See* Doc. 13, p. 16-17. They concern Plaintiff's applications for employment with Citi and Citi's decisions not to select her for two positions. These claims fall squarely within the scope of the

Arbitration Policy, just as Plaintiff's claims in the First Action and in the instant lawsuit do. Adding these claims to the Complaint does not alter the arbitrability analysis in any respect. It merely increases the number of employment decisions that must be arbitrated. Accordingly, the Court should find that Plaintiff's proposed supplemental pleading is subject to the parties' valid arbitration agreement and, accordingly, will not survive a motion to compel arbitration.

**C. The EFAA Does Not Exempt the Proposed Supplemental Claims from Arbitration.**

In addition to falling within the scope of the parties' valid arbitration agreement, Plaintiff's proposed supplement does not add any new factual allegations of sexual harassment or sexual assault bolstering Plaintiff's argument that her claims are exempt from arbitration by the EFAA. [3]

Plaintiff seeks to exempt her claims in this lawsuit from arbitration by invoking the EFAA. *See* Complaint, ¶5. But as described by Citi in its Motion to Compel Arbitration (Doc. 14), Plaintiff's claims do not concern any allegations

[3] The EFAA provides in pertinent part, that "at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, ... no predispute arbitration agreement ... shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." 9 U.S.C. § 402(a). Under the EFAA, a "sexual harassment dispute" is one "relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal or State law." 9 U.S.C. § 401(4). The invoking party must plausibly allege conduct constituting a sexual harassment dispute pursuant to federal pleading standards. *See Mitchell v. Raymond James & Assocs., Inc.*, No. 8:23-cv-2341-VMC-TGW, 2024 U.S. Dist. LEXIS 151960, at *15 (M.D. Fla. Aug. 23, 2024) (plaintiff did not state a plausible claim of sexual harassment under the EFAA and recommending district court grant defendant's motion to compel arbitration"); see Mitchell v. Raymond James & Assocs., Inc., No. 8:23-cv-2341-VMC-TGW, 2024 U.S. Dist. LEXIS 170856, at *6 (M.D. Fla. Sep. 23, 2024) (granting defendant's motion to compel arbitration).

constituting a sexual harassment dispute. Likewise, the two non-selection decisions and related correspondence that Plaintiff seeks to supplement to her pleadings do not concern a sexual harassment dispute. Doc. 13. Instead, Plaintiff's proposed supplemental allegations are premised around her claims in her Complaint that Plaintiff was retaliated against for filing the First Action, wherein she asserts a hostile work environment claim. *Id.* at p. 1. This Court already found in the First Action that Plaintiff's underlying allegations do not plausibly state a sexual harassment claim and that her self-styling the first cause of action as one involving harassment is not sufficient. First Action, Doc. 54. The proposed supplemental allegations do nothing to change that analysis or minimize Citi's argument that the Plaintiff should be compelled to arbitrate the claims in the instant lawsuit. *See* Doc. 14. For the reasons stated in Citi's Motion to Compel Arbitration (Doc. 14), Plaintiff should be compelled to arbitrate all of her claims in her Complaint and, likewise, should be compelled to arbitrate her proposed supplemental claims as well.

**D. Judicial Economy Favors Denial, Not Supplementation**

Plaintiff argues that supplementation serves judicial economy. Doc. 13, p. 9. The opposite is true. If the Court grants Defendants' Motion to Compel Arbitration (Doc. 14), as this Court already did in the First Action, all of Plaintiff's claims

including Plaintiff's proposed supplemental claims, will proceed in the arbitral forum. Supplementation of a federal court complaint that will be stayed pending arbitration serves no purpose and would only further consume judicial resources on claims that do not belong in this Court.

Plaintiff will not be prejudiced by a denial of her motion for leave to supplement her complaint as she will be able to make this request at a later time if the Court determines that her claims are not arbitrable. Alternatively, granting Plaintiff's motion for leave to file a supplemental complaint will prejudice Citi and delay the inevitable as the clock will effectively restart and Citi will have to incur more legal fees by responding to Plaintiff's proposed supplemental pleading.

To conserve the Court's and parties' resources and to serve judicial economy, Citi respectfully requests that the Court rule on Citi's pending Motion to Compel Arbitration (Doc. 14) before permitting Plaintiff to supplement the operative complaint as Plaintiff's claims will likely be compelled to arbitration.

## CONCLUSION

For all reasons provided above, Defendants respectfully request an Order: (1) denying Plaintiff's Motion for Leave to Supplement Complaint and (2) any other relief this Court deems just and proper.

DATED this 8th day of September 2026.

Respectfully submitted,

JACKSON LEWIS P.C.

By: */s/ Stephanie Adler-Paindiris*
Stephanie Adler-Paindiris
Florida Bar No. 0523283
stephanie.adler-paindiris@jacksonlewis.com
390 North Orange Avenue, Ste. 1285
Orlando, Florida 32801
Tele: (407) 246-8440
Fax: (407) 246-8441
and
Melissa M. Castillo
Florida Bar No. 1025338
melissa.castillo@jacksonlewis.com
Wells Fargo Center
100 South Ashley Drive, Suite 2200
Tampa, FL 33602
Tele: (813) 512-3210
Fax: (813) 512-3211

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of September 2026, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, and a copy was electronically furnished via email to yglazman@gmail.com and U.S. Mail to Yuliya Glazman, 2110 Thousand Trails Road, Clermont, FL 34714, *Pro Se Plaintiff.*

*/s/ Stephanie Adler-Paindiris*
Stephanie Adler-Paindiris

4911-7432-3150, v. 2