**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**YULIYA GLAZMAN,**

**Plaintiff,**

**v.** **Case No. 8:26-CV-02265-TPB-SPF**

**CITIGROUP, INC., and**
**CITIBANK, N.A.**

**Defendants.**
_____________________________ /

**DEFENDANTS CITIGROUP, INC. AND CITIBANK, N.A.'S MOTION TO STAY RULE 26(f) CONFERENCE, DISCOVERY, AND RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants Citigroup, Inc. and Citibank, N.A., (collectively, "Citi" or "Defendants") by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 26(c), move the Court to stay the Parties' Rule 26(f) and discovery obligations, as well as the response deadline to Plaintiff's Motion for Partial Summary Judgment pending resolution of Defendants' Motion to Compel Arbitration and Stay Litigation. Doc. 14. Defendants state as follows:[1]

[1] Citi files this response as part of its ongoing effort to enforce the Parties' arbitration agreement and by no means waives the right to arbitration. *See KEY W. Jetski, Inc. v. Sayre-Scibona*, No. 4:25-CV-10067-LEIBOWITZ/AUGUSTIN-BIRCH, 2026 LX 96567, at *4 (S.D. Fla. Feb. 17, 2026) (considering whether the party seeking arbitration waived its right to arbitrate by substantially participating in the litigation).

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. The First Action

On March 16, 2026, Plaintiff filed a lawsuit, *see Glazman v. Citigroup, Inc.*, No. 8:26-cv-1522-TPB-AEP (M.D. Fla. 2026) (the "First Action"), alleging disparate treatment and unequal pay based on gender and age, as well as claims of retaliation relating to her requests for a compensation review. Plaintiff amended her complaint on April 23, 2026 to add Citibank, N.A. as a co-defendant and additional allegations concerning her disparate treatment and unequal pay claims. *Id.*, Doc. 22. Although Plaintiff's claims were subject to a valid arbitration agreement, Plaintiff asserted that the lawsuit was exempt from arbitration pursuant to the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA").

Citi moved to compel arbitration on April 8, 2026 and May 5, 2026 (following the filing of Plaintiff's amended complaint) pursuant to the Parties' valid arbitration agreement and on the grounds that the EFAA did not apply to her lawsuit because she failed to plead facts of a sexual harassment dispute. First Action, Docs. 10, 29. Pending the Court's ruling on Citi's motion to compel arbitration, Citi moved to stay the Parties case management obligations under Rule 26(f) as well as discovery. First Action, Doc. 14. **The Court granted Citi's motion and stayed the Parties Rule 26(f) obligations and discovery on May 22,**

**2026**. First Action, Doc. 38. The Court granted Citi's Motion to Compel Arbitration on August 5, 2026 on the grounds that Plaintiff did not allege any facts consistent with a sexual harassment dispute. First Action, August 5, 2026 Order. First Action, Doc. 54.

**B. The Instant Lawsuit**

Plaintiff filed this instant second lawsuit on August 5, 2026, alleging gender discrimination and retaliation based on the denial of a position for which she was allegedly recruited and interviewed, along with several other job applications she submitted to Citi but to which she did not receive responses. Doc. 1. As in the First Action, Plaintiff seeks to bring her claims in federal court in lieu of arbitration by arguing that the EFAA exempts her claims from arbitration because her retaliation claim allegedly arises from her filing of the First Action, despite the Court's August 5, 2026 Order finding that Plaintiff's allegations did not pertain to a sexual harassment dispute. *See id.*, at p. 3-4.

Citi moved to compel arbitration, as it did in the First Action, citing the Parties' valid arbitration agreement and the absence of any factual allegations concerning a sexual harassment dispute that would invoke the EFAA. Doc. 14 (the "Motion to Compel Arbitration").

On September 2, 2026, Plaintiff filed a Motion for Partial Summary Judgment ("MPSJ"). Doc. 22. Citi's deadline to respond to the MPSJ is September 16, 2026. Citi conferred with Plaintiff on August 31, 2026 regarding its intent to stay its response to her MPSJ pending the resolution of Citi's Motion to Compel Arbitration. Plaintiff opposed Citi's proposed relief and responded by filing a motion demanding that the Court adjudicate the pending motions in her preferred order, including ruling on Plaintiff's MPSJ before considering Citi's Motion to Compel Arbitration. Doc. 20. The Court rejected Plaintiff's motion on September 4, 2026, noting its authority to manage the litigation as it deems appropriate. Doc. 21.

In an effort to conserve resources in this lawsuit, which should have never been brought as it belongs in arbitration, Citi brings this instant motion to stay the Parties' Rule 26(f) obligations, discovery, and its response to Plaintiff's MPSJ pending the Court's ruling on its motion to compel arbitration. Good cause exists justifying a stay of the Parties' upcoming deadlines until the Court resolves Defendants' Motion to Compel Arbitration.

## II. <u>LEGAL STANDARD</u>

District courts maintain great discretion to regulate discovery. *See Sprint Sols., Inc. v. Cell Xchange, Inc.*, 49 F. Supp. 3d 1074, 1077 (M.D. Fla. 2014). Motions

to stay discovery may be granted pursuant to Rule 26(c) of the Federal Rules of Civil Procedure but the moving party bears the burden of showing good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." *Id.* (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

## III. ARGUMENT

The Court should stay the Parties' Rule 26(f) obligations, discovery, and Defendants' response to Plaintiff's Motion for Partial Summary Judgment (Doc. 22) in this case, pending the resolution of Defendants' motion to dismiss and compel arbitration. *See, e.g.*, *McIntosh v. Hilton Grand Vacations, Inc.*, No. 6:25-cv-487-WWB-UAM, 2025 LX 16549 (M.D. Fla. May 15, 2025) (granting motion to stay discovery pending resolution of motion to compel arbitration); *see Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (stating that "[i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."); *see Solar Star Sys., LLC v. BellSouth Telcomms., Inc.*, No. 10-21105-CIV, 2011 U.S. Dist. LEXIS 38150, at

*2 (S.D. Fla. Mar. 20, 2011) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay."). Where a party requests a stay pending resolution of a dispositive motion, the court must take a "preliminary peek" at the motion to determine whether the motion appears clearly meritorious and case dispositive. *See Sprint Sols., Inc. v. Cell Xchange, Inc.*, 49 F. Supp. 3d 1074, 1077 (M.D. Fla. 2014) (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

Here, Citi has moved to compel arbitration of all claims asserted by Plaintiff pursuant to the parties' binding arbitration agreement. *See* Motion to Compel Arbitration (Doc. 14). If granted, the Motion to Compel Arbitration will require Plaintiff to pursue her claims in arbitration and will result in the stay and administrative closure of this action.[2] Because Defendants' Motion to Compel Arbitration may dispose of Plaintiff's claims altogether, as all of Plaintiff's claims are arbitrable, it would be impractical to require the Parties to fulfill their upcoming case management obligations under Rule 26(f) and engage in discovery while the Motion to Compel Arbitration is pending.

The Court previously deemed a stay of Rule 26(f) obligations and discovery appropriate in the First Action, noting:

---

[2] Plaintiff's sole defense to enforcing the Parties' arbitration agreement is her attempt to invoke the Ending Forced Arbitration Act ("EFAA"), which is clearly inapplicable in this case as Plaintiff did not allege a single factual allegation constituting a plausible sexual harassment dispute. *See* D.E. 1.

> Here, Defendant argues that it has demonstrated good cause for a stay because it would be impracticable for the parties to engage in discovery while Defendant's motions remain pending that, if granted, may dispose of Plaintiff's claims altogether (Doc. 14, at 4–5). The Court agrees and finds good cause exists to grant a stay of discovery pending the resolution of Defendant's Motions to Dismiss and Compel Arbitration.

First Action, Doc. 54. Likewise, other courts within the Eleventh Circuit have stayed discovery pending resolution of motions to compel on grounds of judicial economy. *See, e.g., Avigdor Slatus v. Flake*, No. 4:25-cv-232, 2025 LX 579183, at *5 (S.D. Ga. Dec. 19, 2025) (granting motion to stay discovery pending resolution of motion to compel arbitration, noting "a stay of these proceedings would be an efficient use of judicial resources. If Truist's motion to compel arbitration is denied, Plaintiffs will be afforded a full opportunity to conduct discovery. If the motion to compel arbitration is granted, the parties will proceed in accordance with the applicable arbitration rules. But 'allowing discovery at this juncture will force upon Defendants the very processes and expenses of litigation that they sought to avoid by entering into the arbitration agreement.").

Importantly, Citi cannot substantially engage in the litigation by engaging in case management efforts, conducting discovery, or responding to Plaintiff's MPSJ as such activity would potentially constitute a waiver of its right to arbitrate. *See McIntosh*, 2025 LX 16549, at *4. Despite the Court's rulings that a valid

arbitration agreement exists between the parties and that Plaintiff's claims are not exempt from arbitration in the First Action, Plaintiff has recycled her arguments to justify bringing this lawsuit and is actively attempting to delay a ruling on Citi's Motion to Compel Arbitration by filing unnecessary and premature motions. Plaintiff has, again, placed Citi in the position where it must defend itself against improper and unnecessary motions instead of pursuing her claims in the correct forum. Accordingly, there is good cause to stay the upcoming deadlines in this case pending the Court's order on Citi's Motion to Compel Arbitration.

Plaintiff will not be prejudiced by a stay of discovery in this action. A stay of discovery and the Parties' Rule 26(f) obligations pending resolution of Defendants' Motion to Compel Arbitration is beneficial to both Parties as it would prevent the unnecessary expenditure of resources that implicate holding a Rule 26(f) conference and subsequent follow-up conferences, preparing a joint case management report, preparing initial disclosures, and undergoing discovery. If arbitration is compelled, Plaintiff will have the opportunity to pursue her claims in the arbitral forum as appropriate. Likewise, if Citi's Motion to Compel Arbitration is denied, then the Parties will proceed with their Rule 26(f) conference and discovery shortly thereafter, and Citi will respond to Plaintiff's MPSJ.

The failure to impose a stay would be burdensome and prejudicial to Citi as it would be forced to engage in case management discussions and discovery planning in this lawsuit that should never have been brought in the first place. Likewise, Citi would have to respond to Plaintiff's MPSJ and engage in litigation activities inconsistent with its right to arbitrate.

As such, the Court should issue a stay of discovery, of the Parties' Rule 26(f) obligations, and of Defendants' obligation to respond to Plaintiff's MPSJ in this case until Defendants' Motion to Compel Arbitration is resolved.

## CONCLUSION

For all reasons provided above, Defendants respectfully request an Order: (1) entering a stay of discovery and of the Parties' Rule 26(f) obligations in this action until the Court rules on Defendants' Motion to Compel Arbitration (Doc. 14), (2) stay Defendants' response deadline to Plaintiff's MPSJ, and (3) any other relief this Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATE

Counsel for Defendants conferred with Pro Se Plaintiff on August 31 and September 8, 2026, via e-mail regarding the relief requested in this Motion. Plaintiff opposes the relief requested.

DATED this 14th day of September 2026.

Respectfully submitted,

JACKSON LEWIS P.C.

By: /s/ Stephanie Adler-Paindiris
Stephanie Adler-Paindiris
Florida Bar No. 0523283
stephanie.adler-
paindiris@jacksonlewis.com
390 North Orange Avenue, Ste. 1285
Orlando, Florida 32801
Tele: (407) 246-8440
Fax: (407) 246-8441
and
Melissa M. Castillo
Florida Bar No. 1025338
melissa.castillo@jacksonlewis.com
Wells Fargo Center
100 South Ashley Drive, Suite 2200
Tampa, FL 33602
Tele: (813) 512-3210
Fax: (813) 512-3211

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of September 2026, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, and a copy was electronically furnished via email to yglazman@protonmail.com, yglazman@gmail.com, and U.S. Mail to Yuliya Glazman, 2110 Thousand Trails Road, Clermont, FL 34714, *Pro Se Plaintiff.*

/s/ Stephanie Adler-Paindiris
Stephanie Adler-Paindiris

4917-1675-7966, v. 2