**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**YULIYA GLAZMAN,**

**Plaintiff,**

**v.** **Case No. 8:26-CV-02265-TPB-SPF**

**CITIGROUP, INC.,**[1] **and**
**CITIBANK, N.A.**

**Defendants.**
_________________________ /

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b) FOR RECONSIDERATION AND AMENDMENT OF THE AUGUST 19, 2026 ORDER**

Defendants Citigroup, Inc. and Citibank, N.A. (collectively, "Citi" or "Defendants") respectfully submit this Response[2] in Opposition to Plaintiff's Motion under Federal Rule of Civil Procedure 54(b) for Reconsideration and Amendment of the August 19, 2026 Order (Doc. 23) (the "Motion"). For the reasons set forth below, the Motion should be denied.

---

[1] Plaintiff was employed only by Citibank, N.A. and has incorrectly filed suit against Citigroup, Inc.

[2] Citi files this response for the sole purpose of compelling arbitration and by no means waives the right to arbitration. *See KEY W. Jetski, Inc. v. Sayre-Scibona*, No. 4:25-CV-10067-LEIBOWITZ/AUGUSTIN-BIRCH, 2026 LX 96567, at *4 (S.D. Fla. Feb. 17, 2026) (considering whether the party seeking arbitration waived its right to arbitrate by substantially participating in the litigation).

## INTRODUCTION

Plaintiff filed this action on August 5, 2026. It is related to a prior action she filed pending before Judge Barber (M.D. Fla. No. 8:26-cv-1522) ("Related Case"). Pursuant to Local Rule 1.07(a), M.D. Fla., Judge Jung, who was randomly assigned this case, transferred the case to Judge Barber, who is presiding over the Related Case. Plaintiff moved to vacate Judge Jung's order, arguing that Judge Barber should be disqualified due to his rulings in the Related Case (Doc. 7). This Court responded on August 19, 2026 (Doc. 11) (the "Order"), denying Plaintiff's Motion to Vacate (Doc. 7). The Court's Order found that this action was properly transferred to Judge Barber under the Local Rules based on the Related Case and that Plaintiff "failed to demonstrate that the Court's impartiality might reasonably be questioned under 28 U.S.C. § 455(a)." (Doc. 11). Plaintiff moved to reconsider the Court's Order by simply rearguing her Motion to Vacate with no basis to support reconsideration. While Defendants take no position about the Court's assignment of Judges, it does oppose responding to motions that are without support in the law. For these reasons, Defendants oppose this Motion and any further motions without legal support.

## PROCEDURAL BACKGROUND

This is the second action filed by Plaintiff against Defendants. The Related Case, *Glazman v. Citigroup, Inc.*, No. 8:26-cv-01522-TPB-AEP (M.D. Fla.), is currently stayed pending arbitration. On August 5, 2026, the Court in the Related Case entered an order, granting Defendants' Motion to Compel Arbitration, holding the arbitration agreement into which Plaintiff and Defendants entered was enforceable and not precluded by the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Claims ("EFAA") (Related Case, Doc. 54). That same day, Plaintiff filed this case asserting claims of retaliation and failure-to-hire in retaliation, in part, for her filing of the Related Case. She is also arguing that her claims in this action are exempt from arbitration under the EFAA. (Doc. 25.)

On August 6, 2026, Judge Jung *sua sponte* transferred this action to Judge Barber under Local Rule 1.07(a), citing the Related Case pending before Judge Barber. (Doc. 4). On August 10, 2026, Plaintiff filed a motion to vacate the *sua sponte* transfer order, restore the original random judicial assignment, and, in the alternative, for disqualification under 28 U.S.C. § 455(a). (Doc. 7). On August 19, 2026, the Court denied Plaintiff's motion, finding the instant "action was properly transferred pursuant to Local Rule 1.07(a), which permits transfer to another judge with that judge's consent 'at any time and for any reason,' based on the related, earlier-filed action," that Plaintiff "identified no legitimate basis to vacate that

transfer," and that to "the extent Plaintiff seeks disqualification, Plaintiff has failed to demonstrate that the Court's impartiality might reasonably be questioned under 28 U.S.C. § 455(a)." Order (Doc. 11).

Citi filed a Motion to Compel Arbitration on August 27, 2026. (Doc. 14). Plaintiff has since filed a time-sensitive motion directing the Court to decide her motions in a particular order (Doc. 20), a Motion for Partial Summary Judgment (Doc. 22), and this Motion for Reconsideration (Doc. 23). Defendants' Motion to Compel Arbitration is pending.

## ARGUMENT

## I. PLAINTIFF HAS PRESENTED NO LEGITIMATE BASIS FOR RECONSIDERATION UNDER RULE 54(b).

### A. Legal Standard

Rule 54(b) provides that "any order...that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties...may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The decision to grant a motion for reconsideration of an interlocutory order "is committed to the sound discretion of the district judge." *Fellype v. Citibank, N.A.*, No. 19-23547-Civ-COOKE/GOODMAN, 2020 U.S. Dist. LEXIS 247521, at *4 (S.D. Fla. Nov. 6, 2020) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

Reconsideration of an interlocutory order is appropriate only where the movant demonstrates: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *Berisha v. Stan, Inc.*, 461 F. Supp. 3d 1257, 1259 (S.D. Fla. 2020) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). The burden is on the movant to establish good cause to reverse a prior order. *Woodman v. U.S. Bank (In re Woodman)*, No. 6:14-cv-1556-Orl-41, 2016 U.S. Dist. LEXIS 190824, at *5 (M.D. Fla. Apr. 6, 2016) (citing *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002)). Reconsideration of a previous order is an extraordinary remedy intended to be used sparingly. *M.G. v. St. Lucie County Sch. Bd.*, 741 F.3d 1260, 1262 (11th Cir. 2014).

**B. Additional Case Activity is Not a Basis for Reconsideration Under Rule 54(b).**

Plaintiff's Motion satisfies none of the aforementioned criteria. Plaintiff has not presented new evidence, an intervening change in controlling law, or the need to correct clear error or manifest injustice. Plaintiff argues only that reconsideration is warranted because additional activity has occurred in this litigation, so therefore, the record is different now from when Plaintiff first moved to vacate the transfer order (Doc. 7). Plaintiff argues that Citi has since moved to compel arbitration and requested sanctions against Plaintiff in its prayer for relief (Doc. 14) and that Plaintiff has moved for partial summary judgment (Doc. 22). A

"materially different procedural record" (Motion, Doc. 23) is not a basis for reconsideration under Rule 54(b). Citi's reference to the Related Case's August 5, 2026 Order in its Motion to Compel Arbitration or its request that Plaintiff pay Citi's reasonable expenses for being forced to move again to compel arbitration is not "new evidence," an intervening change in law, or evidence of a clear error. Likewise, Plaintiff's motion for partial summary judgment (Doc. 22), which Plaintiff frames as "isolat[ing] a question the August 5 Order [d]id [n]ot [d]ecide," is not a basis for reconsideration. By Plaintiff's logic, a party could demand reconsideration of an unfavorable ruling simply by making additional motions reflecting her dispute with the Court's earlier rulings. That is not the case in this District.

Reconsideration is not a vehicle for a party to improve upon arguments that were previously made—or to make arguments that could have been made more effectively in the first instance. *See Arthur*, 500 F.3d at 1343 (A motion to alter a judgment "cannot be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment.") (internal quotation marks omitted). Although Plaintiff frames her Motion as revolving around the evolved procedural record, she has recycled the same arguments from her Motion to Vacate (Doc. 7) concerning her request to disqualify Judge Barber in this action following his rulings in the Related Case. Regardless of how Plaintiff

frames it, Plaintiff continues to argue that Judge Barber cannot impartially rule on Citi's Motion to Compel Arbitration (Doc. 14) because of his ruling compelling arbitration in the Related Case. That is so clearly not a basis for this Motion.

## II. PLAINTIFF HAS NOT PRESENTED LEGITIMATE GROUNDS FOR DISQUALIYING JUDGE BARBER FROM THE INSTANT ACTION.

### A. Legal Standard.

Section 455 codifies reasons for recusal. *See* 28 U.S.C. § 455. Under Section 455(a), a judge should recuse himself "when there is an appearance of impropriety." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). The test "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). "Recusal decisions under § 455(a) are extremely fact driven and must be judged on their unique facts and circumstances more than by comparison to situations considered in prior jurisprudence." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (per curiam) (citation modified).

### B. Plaintiff Has Not Demonstrated Pervasive Bias or Prejudice Warranting the Disqualification of Judge Barber.

Plaintiff has not presented any legitimate basis warranting reassignment of this case or demonstrating doubt concerning Judge Barber's impartiality. Plaintiff does not like Judge Barber's Order in the Related Case granting Defendants'

motion to compel arbitration. (Related Case, Doc. 54). As the Court noted in its Order, Plaintiff's disagreement with Judge Barber's rulings entered in the Related Case is not a legitimate basis to disqualify him and transfer this action to a different judge. (Doc. 11).

In support of her argument that reassignment is appropriate, Plaintiff references *United States v. Torkington*, a decision where the Eleventh Circuit considered three elements in determining whether to reassign a case to a different judge on remand based on the original judge's actions at trial where there is no indication of actual bias. 874 F.2d 1441, 1447 (11th Cir. 1989). The Eleventh Circuit considered "(1) whether the original judge would have difficulty putting his previous views and findings aside; (2) whether reassignment is appropriate to preserve the appearance of justice; (3) whether reassignment would entail waste and duplication out of proportion to gains realized from reassignment." *Id.*[3]

[3] The Eleventh Circuit in *Torkington* ultimately reassigned the case on remand to a new district court judge based on the appearance of a lack of neutrality and to preserve the image of impartiality and fairness of the judiciary. The grounds for reassignment varied drastically from the facts in this case. The grounds for the reassignment were that the district court judge had previously been reversed by the Eleventh Circuit after dismissing the case at the first opportunity by misconstruing a motion for mistrial as a motion for entry of judgment of acquittal and for questioning the wisdom of the substantive law he had to apply and challenging the prosecution for prosecuting the plaintiff; including referring to the prosecution as "silly" and wasting the taxpayers' money, and referring to the prosecution as a "vendetta." *Id.* Plaintiff does not point to any comparable circumstances in this case beyond Judge Barber's substantive rulings in the First Action.

Considering that this is a new action with new causes of action that was transferred to Judge Barber because he is the judge presiding over a related action (the Related Case), as opposed to a case that is on remand, the *Torkington* factors are, arguably, inapplicable in this case. But even if this were the correct test, such factors still favor retention over reassignment. With respect to the first factor, the Court's prior EFAA ruling in the Related Case does not prevent it from independently evaluating the issues in this action, and there is no basis to conclude that this Court cannot evaluate the parties' arguments in this action independently. *See Yessin v. City of Tampa*, No. 8:13-cv-1252-T-33EAJ, 2014 U.S. Dist. LEXIS 70548, at *4 (M.D. Fla. May 22, 2014) ("Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion."). With respect to the second factor, no reasonable observer would question the Court's impartiality based on a routine, related-case transfer and ordinary litigation conduct by the Parties. Plaintiff conceded in her Motion that the transfer was authorized under Local Rule 1.07. (*See* Motion, Doc. 23, p. 2). Finally, reassignment would result in waste and duplication as the Court is already familiar with the history of this litigation and the parties. A new judge would need to review the entire extensive procedural record in this action and review the relevant filings in the Related Case, which would delay and be a duplicative expenditure of judicial and party resources, when this case may very well be stayed and administratively

closed if the Court grants Citi's Motion to Compel Arbitration (Doc. 14). This factor weighs heavily against reassignment.

Nevertheless, the recognized standard for recusal under section 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker*, 855 F.2d at 1524. "To disqualify a judge under § 455(a), the bias 'must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties.'" *Lawrence v. Goldberg*, No. 06-21952-CIV-GOLD/TUR, 2006 U.S. Dist. LEXIS 115652, at *7 (S.D. Fla. Oct. 4, 2006) (citing *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004)).

Plaintiff does not identify any extrajudicial grounds for disqualification. Instead, Plaintiff primarily argues that reassignment is appropriate because Citi's Motion to Compel Arbitration (Doc. 14) "affirmatively asks the Court to carry its prior August 5 determination into the Second Action." Plaintiff's Motion mischaracterizes Citi's Motion to Compel Arbitration (Doc. 14) and argues Citi's motion relies only on the Court's August 5, 2026 Order in the Related Case and to "treat it as dispositive." (Motion, Doc. 23), p. 12. Citi's Motion to Compel Arbitration is grounded in the agreement between the parties, the law compelling arbitration and the Court's prior Order finding that the agreement was a valid

enforceable agreement and not subject to the EFAA. (Doc. 14). It is interesting that Plaintiff specifically refers to her Related Case in this action as the basis for the Court to find that her claims are exempt from arbitration under EFAA but also argues that the Court would be acting impartially and improperly if it considered its ruling in the Related Case. Plaintiff further contends that another judge can decide all pending motions in this action "without simultaneously determining the reach of that judge's own earlier ruling." (Motion, Doc. 23). That this Court will consider its own rulings in the Related Case does not call into question the Court's impartiality. Plaintiff argues in her Motion she is concerned that she will continue to make arguments that Judge Barber has already rejected and that she should essentially be able to make the same arguments to a new judge.

Plaintiff also argues that because Citi asked for fees and costs associated with making their Motion to Compel Arbitration and opposing this motion and other motions, Judge Barber should be disqualified. Plaintiff argues that because the Court must evaluate whether Plaintiff acted in "subjective bad faith" (Motion, Doc. 23, p.11), Judge Barber is not qualified to preside over this case. This argument lacks merit. Courts routinely adjudicate requests for fees and costs, including those implicating their own prior rulings, without any appearance of impropriety. The power to impose sanctions is inherent to the judicial function. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991). By Plaintiff's logic, any

request for sanctions would automatically trigger disqualification. The Court has already held in its August 19, 2026 Order that "Plaintiff's disagreement with rulings entered in the related action, whether considered alone or together with the Court's consent to the transfer of this action, does not provide a basis for disqualification." (Doc. 11); *see United States v. Singletary*, 196 F. App'x 819, 820 (11th Cir. 2006) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001)).

Finally, Plaintiff argues that Judge Barber's continued retention of this action will prejudice both parties. (Motion, Doc. 23, p. 14). Defendants respectfully disagree. To the contrary, Defendants argue that it is Plaintiff's litigious and unsupported actions which prejudice the Parties. Plaintiff has threatened to terminate this action and simply refile the lawsuit if she does not get her way, noting "that path imposes new filing expense, renewed service, renewed assignment litigation, renewed motion practice, additional delay, and additional appellate proceedings." (Motion, Doc. 23, p. 14). In essence, Plaintiff will take all actions to continue to increase the cost of litigation, file vexatious actions and motions, simply because she does not like a ruling by this Court. Plaintiff's stated intention to dismiss and refile in search of a different judge is consistent with judge-shopping and is condemned as an abusive litigation strategy. *See, e.g., Martin v. Barcaldo*, No. 6:26-cv-01260-JSS-LHP, 2026 U.S. Dist. LEXIS 146157, at *6 (M.D. Fla. June 22, 2026) (declining to recuse herself and "permit Plaintiff to

engage in such abusive judge-shopping"). Plaintiff argues that she will force Citi to expend more money if the Court does not rule as she wants or Defendants do not agree to her demands, which sounds a lot like extortion. The Court should not entertain Plaintiff's gamesmanship. In sum, there are no grounds to disqualify Judge Barber and Plaintiff's Motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court (1) deny Plaintiff's Motion for Reconsideration of the August 19, 2026 Order (Doc. 11) Under Federal Rule of Civil Procedure 54(b) for Reconsideration (Doc. 23) in its entirety; (2) grant Defendants their fees and costs under its inherent powers for filing a frivolous motion and (3) such other relief as this Court deems just and proper.

DATED this 16th day of September, 2026.

Respectfully submitted,

JACKSON LEWIS P.C.

By: */s/ Stephanie L. Adler-Paindiris*
Stephanie L. Adler-Paindiris
Florida Bar No. 0523283
stephanie.adler-paindiris@jacksonlewis.com
390 North Orange Avenue, Ste. 1285
Orlando, Florida 32801
Tele: (407) 246-8440
Fax: (407) 246-8441

Melissa M. Castillo
FBN 1025338
melissa.castillo@jacksonlewis.com
Wells Fargo Center
100 South Ashley Drive
Suite 2200
Tampa, FL 33602
Tele: (813) 512-3210
Fax: (813) 512-3211

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of September 2026, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, and a copy was electronically furnished via email to yglazman@protonmail.com and yglazman@gmail.com and sent via U.S. Mail to Yuliya Glazman, 2110 Thousand Trails Road, Clermont, FL 34714, *Pro Se Plaintiff.*

*/s/ Stephanie L. Adler-Paindiris*
Stephanie L. Adler-Paindiris

4924-4813-2304, v. 3