**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

YULIYA GLAZMAN,

Plaintiff,

v. Case No: 8:26-cv-2265-TPB-SPF

CITIGROUP, INC. et al.,

Defendants.
_________________________________/

**ORDER GRANTING IN PART AND DENYING IN PART "DEFENDANTS, CITIGROUP, INC.'S AND CITIBANK, N.A.'S, MOTION TO COMPEL ARBITRATION AND STAY LITIGATION"**

This matter is before the Court on "Defendants, Citigroup, Inc.'s and Citibank, N.A.'s, Motion to Compel Arbitration and Stay Litigation," filed on August 27, 2026. (Doc. 14). Plaintiff Yuliya Glazman, proceeding *pro se*, filed a response in opposition on September 2, 2026. (Doc. 25). After reviewing the motion, response, court file, and record, the Court finds as follows:

## Background

This is the second employment-related action Plaintiff Yuliya Glazman has filed against Defendants Citigroup, Inc., and Citibank, N.A. arising from her employment with Citibank, N.A. In the first action, *Glazman v. Citigroup, Inc.*, Case No. 8:26-cv-1522-TPB-AEP ("*Glazman I*"), Plaintiff asserted various claims for discrimination and retaliation, including a count styled as "Hostile Work Environment Based on Sex." Plaintiff sought to avoid arbitration under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"), 9 U.S.C. §§ 401-402.

On August 5, 2026, the Court granted in part Defendants' motion to compel arbitration in *Glazman I*. *See Glazman I*, Doc. 54. The Court determined that Plaintiff had entered into a valid arbitration agreement covering her employment-related claims. The Court further concluded that the EFAA did not preclude enforcement of that agreement because Plaintiff had not plausibly alleged a sexual-harassment dispute. Specifically, the Court explained that Plaintiff's allegations showed, at most, discriminatory unequal pay and work assignments rather than a plausible hostile-work-environment claim. The Court noted that the result would be the same even under the less demanding "nonfrivolous" standard adopted by some courts. The Court therefore compelled arbitration, stayed the action, and administratively closed the case. *See id.* at 6-9.

Plaintiff filed the present action on the same day. Here, she principally challenges employment actions allegedly occurring after she filed and pursued *Glazman I*, including Defendants' handling of separation agreements, an internal position for which she was recruited and interviewed, and later applications for employment. Plaintiff characterizes these acts as retaliation for her assertion and prosecution of what she describes as a sexual-harassment dispute in *Glazman I*. She again invokes § 402(a) of the EFAA and contends that the arbitration agreement is unenforceable as to this action.

Defendants move to compel arbitration and stay this case. They also request sanctions, arguing that Plaintiff is improperly attempting to relitigate an issue already decided in *Glazman I*.

## Legal Standard

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq*., "embodies a liberal federal policy favoring arbitration agreements." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005). "Under the FAA, a party seeking to compel arbitration must demonstrate that (a) the plaintiff entered into a written arbitration agreement that is enforceable under ordinary state-law contract principles and (b) the claims before the court fall within the scope of that agreement." *Garcia v. Church of Scientology Flag Serv. Org., Inc.*, No. 8:13-cv-220-T-27TBM, 2015 WL 10844160, at *3 (M.D. Fla. Mar. 13, 2015) (internal quotations and citations omitted). The Eleventh Circuit has held that the FAA applies to cases involving employment disputes where the employer's overall employment practices affect interstate commerce.[1] *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005) (citing *Circuit City v. Adams*, 552 U.S. 105, 119 (2001)).

## Analysis

***Motion to Compel Arbitration***

The parties' dispute again centers on the applicability of the EFAA. Section 402(a) provides that, at the election of a person alleging conduct constituting a sexual-harassment or sexual-assault dispute, a pre-dispute arbitration agreement is not valid or enforceable "with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." 9 U.S.C.

---

[1] The FAA applies to arbitration agreements which "evidenc[e] a transaction involving interstate commerce." 9 U.S.C. § 2. The Supreme Court has interpreted this language broadly to mean that the FAA applies to *all* arbitration agreements that involve interstate commerce in *any way*. *See Allied-Bruce Terminix Cos. v. Dubson*, 513 U.S. 265, 281 (1995).

§ 402(a). A "sexual harassment dispute" means "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401(4).

Plaintiff emphasizes that this action involves alleged retaliation occurring after she filed *Glazman I* and therefore presents a different application of § 402(a). The Court agrees that the present action concerns later alleged conduct and does not simply present the identical claims asserted in *Glazman I*. That distinction, however, does not change the result.

Retaliation arising from the assertion of sexual harassment may, in appropriate circumstances, constitute a case "relat[ing] to" a sexual-harassment dispute for purposes of § 402(a). *See, e.g.*, *Olivieri v. Stifel, Nicolaus & Co.*, 112 F.4th 74, 92-93 (2d Cir. 2024). The EFAA's use of "relates to" may extend its protection to retaliation arising from a sexual-harassment dispute; it does not transform retaliation arising from a dispute that does not qualify as sexual harassment into a case covered by the EFAA. That is the problem with Plaintiff's argument here. Plaintiff's EFAA theory in this action depends on the same underlying conduct she characterized as sexual harassment in *Glazman I*. The Court has already examined that conduct and concluded that Plaintiff's allegations of unequal pay, differential work assignments, displacement of her work, deadline pressure, and unequal assignment structures did not plausibly allege sexual harassment under applicable law. *See Glazman I*, Doc. 54 at 6-8. Nothing alleged in the present complaint alters the nature of that predicate dispute.

*Olivieri* does not require a different result. There, the retaliation claims arose from allegations of actual sexual harassment, including sexual propositions, comments, and touching. Defendants concede that retaliation arising from underlying sexual harassment may implicate the EFAA. Here, however, the predicate allegations are the same allegations the Court previously determined to not plausibly constitute sexual harassment. Plaintiff cannot obtain a different result merely by relabeling alleged retaliation arising from those allegations as "Retaliation for Asserting and Prosecuting a Sexual Harassment Dispute."

The remaining arbitration issue is straightforward. In *Glazman I*, the Court determined that Plaintiff entered into a valid arbitration agreement. That agreement broadly applies to employment-related disputes and expressly encompasses claims involving employment discrimination, terms and conditions of employment, termination, compensation, and retaliation. The claims asserted in this action plainly fall within that scope. Because the EFAA does not render the agreement unenforceable as to this case, arbitration is required. Consequently, consistent with the Court's disposition in *Glazman I* and with 9 U.S.C. § 3, this action will be stayed and closed pending arbitration.

***Defendants' Request for Sanctions***

Defendants also request that the Court exercise its inherent authority to require Plaintiff to pay the expenses they incurred in connection with this motion. Although Plaintiff's EFAA argument is ultimately unsuccessful, the Court does not find on the present record that her filing of this action or opposition to arbitration

demonstrates the subjective bad faith necessary to warrant sanctions under the Court's inherent authority. The request for sanctions is therefore denied.

**The Court nevertheless finds a specific warning appropriate.** Plaintiff has now filed two actions arising from the same employment relationship, and the Court has now twice determined that the claims presented are subject to arbitration. Plaintiff has also threatened further litigation attempts – she has expressly stated that she intends, under certain circumstances, to commence a third lawsuit.

Plaintiff should not interpret the Court's denial of Defendants' present request for sanctions as permission to continue filing new actions in an effort to avoid arbitration. Plaintiff is advised that she may not evade the Court's Orders by filing another action that merely repackages claims arising from the same facts, transactions, or occurrences alleged in *Glazman I* or this action. **If Plaintiff files another frivolous or duplicative action based on those matters, she may be subject to sanctions, including monetary sanctions, under Federal Rule of Civil Procedure 11 or the Court's inherent authority. Continued frivolous, duplicative, or vexatious filings may also result in the entry of an injunction restricting Plaintiff's ability to initiate future actions.** Plaintiff is further advised that her *pro se* status does not excuse compliance with the Federal Rules of Civil Procedure or orders of this Court.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants, Citigroup, Inc.'s and Citibank, N.A.'s, Motion to Compel Arbitration and Stay Litigation" (Doc. 14) is **GRANTED IN PART** and **DENIED IN PART**.
2. The motion is **GRANTED** to the extent Defendants seek to compel arbitration. Plaintiff and Defendants are directed to submit the claims asserted in this action to arbitration in accordance with the parties' arbitration agreement.
3. This action is **STAYED** pending completion of the arbitration proceedings.
4. Defendants' request for sanctions and expenses is **DENIED**.
5. Plaintiff is **WARNED** that the filing of additional frivolous or duplicative actions arising from the facts, transactions, or occurrences alleged in this action or *Glazman I* may result in sanctions, including monetary sanctions and the entry of an order restricting future filings without prior leave of Court.
6. The Clerk is directed to terminate any pending motions and deadlines, and thereafter **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of September, 2026.



TOM BARBER
UNITED STATES DISTRICT JUDGE